FONTAINE FRANKLIN et al., Appellees, v. ALLEN
GREEN, d/b/a ALLEN GREEN CO., et al., Appellants.
—342 S. W. (2d) 233.

Western Section. July 26, 1960.

Certiorari Denied by Supreme Court January 13, 1961.

Campbell Yerger, Memphis, for appellants.

Frank M. Gilliland, Jr., and Edward L. Rucks, Memphis, for appellees.

BEJACH, J. This cause involves an appeal by Allen Green, Howard J. Hill, and E. H. Godwin from a decree of the Chancery Court of Shelby County adjudging them guilty of having perpetrated a fraud on Catherine Jeffreys, Love Franklin, Jr., and Flossy Jones, which deprived them of their interest in property at 102 Silverage Avenue, Memphis, Tennessee, entered judgments against appellants for $1,000 compensatory damages and $1,000 punitive damages, and ordered a sale of said property for partition and division. The property in question was, at the time involved in this law suit, owned by Love Franklin, Jr., Catherine Jeffreys, Flossy Jones, Fontaine Franklin, Horace Franklin, and Sam Franklin as tenants in common, they having inherited a one-sixth interest each from their father, Love Franklin, Sr., who died intestate in 1954. It was occupied by Catherine Jeffreys, who, together with Love Franklin, Jr. and Flossy Jones, signed a note for $3,500 and a trust deed securing same, which trust deed was foreclosed by E. H. Godwin and the interest of Catherine Jeffreys, Love Franklin, Jr., and Flossy Jones conveyed to Joe Love and Melba Lee Love, his wife. They were innocent purchasers for value. The property in question was in a delapidated condition, and

was in danger of being condemned by the City of Memphis, when Howard J. Hill prevailed on Catherine Jeffreys to enter into a contract for its rehabilitation for the sum of $3,250, as claimed by Catherine Jeffreys, which was to be paid at the rate of $35 per month beginning after the work was completed, and which work was to include the installation of a bath room and a kitchen sink with necessary plumbing. The note which was actually signed by Catherine Jeffreys, Love Franklin, Jr., and Flossy Jones, dated May 22, 1956, was for $3,500 payable $35 per month beginning July 25, 1956, and continuing until the 25th day of July, 1961, with a provision for a "balloon note" at that time for the balance. The bath room and kitchen plumbing were not installed, and the trust deed was foreclosed before the work was satisfactorily completed. The proof as to actual value of the work done ranged between $600 and $1,600. Allen Green contracted to do it for $2,000.

The bill was originally filed by Fontaine Franklin and Horace Franklin as complainants against Allen Green, d/b/a Allen Green Co., Howard J. Hill, E. H. Godwin, Loan Investment Co., Inc., Joe Love and wife Melba Lee Love, Union Planters National Bank, Campbell Yerger, Trustee, Love Franklin, Jr., Catherine Jeffreys, Flossy Jones, Sam Franklin, George W. Murphy, Kansas City Title Insurance Co., and Freddie Gold, d/b/a Freddie Gold Realty Co., as defendants. Later, an order of realignment of parties was entered which transferred Love Franklin, Jr., Catherine Jeffreys, and Flossy Jones from the position of defendants to that of complainants. Many of the defendants named are formal parties against whom no substantive relief is prayed, and the bill was later

-dismissed as to several of said defendants, who had been made such for the purpose of discovery only.

The bill charged a conspiracy on the part of Allen Green, Howard J. Hill, and E. H. Godwin to deprive complainants, and especially Love Franklin, Jr., Catherine Jeffreys and Flossy Jones of their interest in the property at 102 Silverage Ave., Memphis, Tennessee. It is contended that the fraudulent scheme of the conspiracy contemplated its achievement by one or the other of three ways:

1. Actual collection of $3,500 which was grossly and fraudulently inadequate for the actual work done;

2. Foreclosure of the trust deed, which is what has actually occurred;

3. Foreclosure when the balloon note became due in 1961, or at refinancing at that time at exorbitant and usurious rates.

It is the contention of defendants Allen Green, Howard J. Hill, and E. H. Godwin that each of them was acting independently of the other, and that no fraud was perpetrated. According to their theory, Hill, who was neither a carpenter, plumber, or brick layer, and never intended to do any of the work, made an independent contract with Catherine Jeffreys, Love Franklin, Jr., and Flossy Jones for remodeling, which contract he sublet to Allen Green, who in turn financed it through E. H. Godwin. When the first payment on the note signed by Catherine Jeffreys, Love Franklin, Jr., and Flossy Jones was not paid, which as they claim was because the work had not been satisfactorily done nor completed as agreed on, Godwin ordered foreclosure of the trust deed and at the

foreclosure sale he bid in the property for $2,000. Later he assigned his bid to Joe Love and Melba Lee Love, to whom the Union Planters National Bank, as trustee, executed a trustee's deed.

The Chancellor held that the proof established a fraudulent conspiracy on the part of Allen Green, Howard J. Hill, and E. H. Godwin, as was charged in the bill, which had resulted in depriving Catherine Jeffreys, Love Franklin, Jr., and Flossy Jones of their interest in the property involved; in consequence of which he entered a decree in their favor for the sum of $1,000 compensatory damages and $1,000 as punitive damages. Fontaine Franklin, Horace Franklin, and Sam Franklin, who owned a one-sixth interest each in the property, had not signed either the note or the trust deed securing the note, and were, therefore, adjudged to be the owners of undivided interests of one-sixth each, along with Joe Love and Melba Lee Love, his wife, who as innocent purchasers, had acquired the interests of Catherine Jeffreys, Love Franklin, Jr., and Flossy Jones. A sale of the property for partition and division was ordered, it not being capable of being divided in kind. By agreement, however, between E. H. Godwin and Joe and Melba Lee Love, the transaction between them was rescinded, and their share of the proceeds of the sale ordered paid to E. H. Godwin, subject to reimbursement of $400 which had been paid by them to Godwin. A reference was ordered to ascertain the amount of value added to the property by reason of the work done by Hill; a lien for the amount of which was decreed in favor of Godwin. A discretionary appeal, in advance of the reference and sale was granted. Green, Hill, and Godwin prayed and have perfected their appeal to this Court. Here they have

filed nine assignments of error. It will not be necessary to copy these assignments of error into this opinion, nor to discuss them separately. The determinative question raised by said assignments of error is whether or not the Chancellor's opinion should be affirmed.

■■ The facts of this case are very much involved, and further complicated because Fontaine Franklin, Horace Franklin, and Sam Franklin failed to sign the trust deed, with the result that their rights remain unimpaired. Nevertheless, we think the basic issues are clear and that our dicision in the instant case must be controlled by the decision of this Court in Kneeland v. Bruce et al., 1960, 47 Tenn. App. 136, 336 S. W. (2d) 319—certiorari denied by Supreme Court June 6, 1960. That case came to us after a jury trial in the Chancery Court; and, therefore, we were not concerned with the weight or preponderance of the evidence. The instant case was tried before the Chancellor without a jury, but under the provisions of Section 27-303, T. C. A., his decree is presumed to be correct unless the preponderance of the evidence is to the contrary. We cannot say, after careful consideration of the voluminous evidence in the record before us, that the preponderance of the evidence is against the findings of fact and opinion of the Chancellor, and his decree is accordingly affirmed. The Chancellor saw the witnesses face to face, heard them testify, and his conclusions are entitled to great weight in this Court. See Mathis v. Campbell, 22 Tenn. App. 40, 117 S. W. (2d) 764, 767; Trice v. McGill, 158 Tenn. 394, 13 S. W. (2d) 49; Tindell v. Bowers, 31 Tenn. App. 474, 216 S. W. (2d) 752, 755. On the whole, we think an equitable result has been reached.

This is a fraud case, and, as is said in Gibson's Suits in Chancery, 5th Edition, Section 456:

"Fraud assumes many shapes and disguises and subterfuges, and is generally so secretly hatched that it can only be detected by a consideration of facts and circumstances, which are frequently trivial, remote and disconnected, and which cannot be interpreted without bringing them together, and contemplating them all in one view. In order to do this it is necessary to pick one fact or circumstance here, another there, and a third yonder, until the collection is complete."

Also, as was said by this Court in Providence A. M. E. Church v. Sauer, 45 Tenn. App. 287, 323 S. W. (2d) 6, 13:

"As we understand the law of this state, on the subject of usury, no scheme or devise to avoid the application of statutes on that subject, however ingenious or intricate same may be, will permit anyone guilty of participating in a usurious transaction to escape its consequences, when the facts are made to appear; and consent or cooperation of the one paying the usurious interest is immaterial."

The same principle is, in our opinion, applicable to the facts in the instant case, and the intricate schemes of Godwin, Green and Hill to make it appear that they participated separately and independently of each other in the transactions here involved, can avail nothing in their behalf when these intricate facts are brought together, as found by the Chancellor, to convict them of conspiracy. And inasmuch as they were engaged in a common enterprise, all are jointly liable. Day v. Walton,

199 Tenn. 10, 18, 281 S. W. (2d) 685; 52 Am. Jur. p. 455; Roberts v. Hickson, 48 Tenn. App., 343 S. W. (2d) 108.

Questions raised as to the award of punitive damages made in the instant case are, we think, concluded by Bryson v. Bramlett, 204 Tenn. 347, 321 S. W. (2d) 555; McDonald v. Stone, 45 Tenn. App. 172, 321 S. W. (2d) 845; and Kneeland v. Bruce, 47 Tenn. App. 136, 336 S. W. (2d) 319.

All of appellants' assignments of error will be overruled and the decree of the lower Court affirmed. The cause will be remanded to the Chancery Court of Shelby County for enforcement of said decree and for the reference therein ordered. The decree in this Court may include an award against Allen Green, Howard J. Hill, and E. H. Godwin, and Harry Sauer, their surety on the appeal bond for $2,000, together with interest thereon from October 1, 1959, the date of the decree in the lower court, and same, together with the rest of the lower court's decree, affirmed, may be enforced in the lower court against said parties and surety, and against the collateral deposited with the appeal bond.

The costs of the appeal will also be adjudged against said appellants and said surety on the appeal bond.

Avery, P. J. (Western Section), and Carney, J., concur.