58

## TENNESSEE REAL ESTATE COMMISSION, etc., et al. v. E. H. GODWIN.—378 S. W. (2d) 439.

Middle Section. September 4, 1963.

Certiorari Denied by Supreme Court April 8, 1964.

Graham Moore, Memphis, for petitioners.

Lyle Reid, Assistant Attorney General, Nashville, for defendant.

SHRIVER, J. This appeal involves the revocation of a real estate broker's license by the Tennessee Real Estate Commission, and the decree of the Chancellor in Part II of the Chancery Court of Davidson County holding that the action of the Tennessee Real Estate Commission was void.

From the decree of the Chancellor the Tennessee Real Estate Commission has appealed and has assigned errors.

On July 19, 1961 the Commission notified E. H. Godwin by letter that he was to appear and show cause why his license as a real estate broker should not be revoked because of violation of certain sections of the Statutes regulating real estate brokers. The letter notified Mr. Godwin that he was accused of being guilty of committing fraud individually and in concert with others, particularly, as reflected by the facts in a case which had been tried in the Chancery Court in Shelby County, Tennessee, and affirmed by the Court of Appeals, said case

being Franklin v. Green, 47 Tenn.App. 696, 342 S.W.(2d) 233.

Mr. Godwin filed a response to the charges denying that he had been guilty of conspiring with others to defraud the owners of the property in question and alleging that he had no dealings with the complainants but had only agreed to buy a note and mortgage of the owners of the property given by them to Howard J. Hill as consideration for the making of certain repairs to a dwelling owned by them.

By amendment he alleged that in buying the note in question he was acting as an individual and was not acting as a real estate broker.

At the hearing before the Commission the following stipulation was filed by counsel for the parties;

"This stipulation entered into this eleventh day of July, 1961, by and between Mr. John K. Maddin, Jr. attorney for Tennessee Real Estate Commission, and Graham Moore, attorney for E. H. Godwin:

"We agree that either party may introduce the Bill of Exceptions in cause #59637 in the Chancery Court of Shelby County, Tennessee, wherein Fontaine Franklin et al were complainants and Allen Green et al were defendants, at the hearing before the Tennessee Real Estate Commission at Nashville on July 19, 1961, or such time as it may be held if continued, provided, however, all the testimony therein contained will be offered if any portion is offered. Provided further that it is not necessary to leave the Bill of Exceptions in the office of the Tennessee Real Estate Commission longer than for them to take thermofax

copies, which is estimated to be not more than an hour.

"That either party may introduce without further proof, subject to objections as to competency, materiality, and relevancy, the published opinions of the Court of Appeals of Tennessee in the cases of Fontaine Franklin et al vs. Allen Green, et al 342 S.W.(2d) 233; Annie Kneels vs. Floyd Bruce, et all, 339 S.W.(2d) 143.

"It is further stipulated and agreed that either party may introduce copies of any of the pleadings, subject to objections as to competency, relevancy and materiality, without further proof of their authenticity in the case of Fontaine Franklin et al vs. Allen Green et al.

"Graham Moore /s/
"Graham Moore

"John K. Maddin, Jr. /s/
"John K. Maddin, Jr."

Pursuant to the foregoing stipulation a transcript of the entire record in the case of Franklin v. Green was filed and copies of the published opinions of the Court of Appeals in that case and Woodard v. Bruce, et al., 47 Tenn.App. 525, 339 S.W.(2d) 143 and Kneeland v. Bruce et al., 47 Tenn.App. 136, 336 S.W.(2d) 319.

In addition to the above Mr. Godwin testified in his own behalf before the Commission and introduced the depositions of several character witnesses.

On Certiorari the cause was heard by the Chancellor on the record of the hearing before the Commission, no additional evidence being offered by either party.

As hereinabove indicated, after a hearing an order was entered by the Commission reciting that the cause was

heard on July 19, 1961 before the entire Commission on the citation to appear, etc. The order recites, "After hearing all the evidence in this cause, argument of counsel, the matter was taken under advisement. Upon due deliberation the remaining number of the Commission unanimously found the respondent E. H. Godwin guilty as charged in the citation. * * * said citation charges and the Commission finds respondent E. H. Godwin guilty of;

"1. Making any substantial and willful misrepresentations, or

"2. Making any false promises of a character likely to influence, persuade, or induce, or

"3. Pursuing a continued and flagrant course of misrepresentation or making of false promises through agents or salesman or advertising or otherwise, or

"4. Being unworthy or incompetent to act as a real estate broker or salesman in such manner as to safeguard the interests of the public, or

"5. Any other conduct whether of the same or a different improper, fraudulent or dishonest dealing.

"It is, therefore, ordered by the Commission that the license of respondent, E. H. Godwin, including any right of renewal be and the same is hereby permanently revoked."

After the hearing before the Chancellor, he filed a memorandum opinion wherein he found as follows;

"The Court is of the opinion that since the acts of the petitioner, which were the basis of the 'citation'

brought against him, were not the acts of a real estate broker or of a real estate salesman as defined by the statute, the order of the Commission revoking his license is void.''

\* \* \* \* \* \* \* \* \* \* \*

''The license issued by the Commission 'expires on the last day of December following issuance thereof, and shall become invalid after such date unless renewed.' T.C.A. sec. 62-1322.

\* \* \* \* \* \* \* \* \* \* \*

''The license held by the petitioner at the date of the citation, the hearing and entrance of the order by the Commission revoking same expired as of December 31, 1961, therefore insofar as said license is concerned this proceeding is moot, the same having expired. There is no provision in Chapter 13 of Title 62 which gives the Commission the power or authority to pass upon an application for a license which has not been made. ''Decree accordingly.

''Alfred T. Adams /s/

''Chancellor''

Assignments of Error

There are two assignments as follows;

''1. The Court erred in holding that acts committed by Godwin while not acting in the capacity of a real estate broker or salesman cannot be the basis for revocation of his license.

''2. The Court erred in holding the proceeding to be moot.''

The primary question presented by this case is whether unlawful acts justifying the revocation or suspension of

a broker's license are necessarily restricted to those committed strictly in the pursuit of the privileges granted by the license.

Counsel for Mr. Godwin, the appellee, asserts that there are three questions to be decided, to wit, (1) Was any competent evidence introduced at the hearing before the Real Estate Commission to justify the Commission in entering the order of revocation and, (2) Was any evidence competent or incompetent introduced at the hearing before the Commission to support the order of the Commission and, (3) Did the Commission have jurisdiction to revoke the broker's license for acts not related to his business as a real estate broker?

▇ Pursuant to the stipulation signed and filed by counsel, there was competent evidence before the Commission to support its order and we think it had jurisdiction to revoke appellee's license on one or more of the grounds set out in the order.

No question is made as to the identity of E. H. Godwin, the appellee. It is not denied that he is the same E. H. Godwin who was found guilty of fraud in three cases before two different Chancellors in Shelby County which cases were reviewed by the Western Section of this Court wherein Judge Carney in one case and Judge Bejach in two others affirmed the decisions of the Chancellors finding this man guilty of fraudulent dealings having to do with real estate transactions, although not in the capacity of a real estate broker.

In the case of Franklin v. Green, 47 Tenn.App. 696, 342 S.W.(2d) 233, it is stated at the outset of the opinion that the action was for fraudulent deprivation of interest of owners in certain property and that the Chancery

Court, Shelby County, Robert A. Hoffman, Chancellor, rendered judgment for the plaintiff, and an appeal was taken. The published opinion continues;

"The Court of Appeals, Bejach, J., held that evidence sustained finding of fraudulent conspiracy on part of negotiator, who persuaded owners to enter into contract for rehabilitation of property for sum of $3,500, contractor, agreed to do work valued at $600 to $1,600 for $2,000, and financier, who foreclosed trust deed given in security for the $3,500 note and bid the property in for $2,000, to deprive owners of their interest in the property, and that defendants were jointly liable for actual and punitive damages."

In said opinion it is further stated;

"The bill charged a conspiracy on the part of Allen Green, Howard J. Hill, and E. H. Godwin to deprive complainants, and especially Love Franklin, Jr., Catherine Jeffreys and Flossy Jones of their interest in the property at 102 Silverage Ave., Memphis, Tennessee. It is contended that the fraudulent scheme of the conspiracy contemplated its achievement by one or the other of three ways:

"1. Actual collection of $3,500 which was grossly and fraudulently inadequate (sic-excessive) for the actual work done;

"2. Foreclosure of the trust deed, which is what has actually occurred;

"3. Foreclosure when the balloon note became due in 1961, or at refinancing at that time at exorbitant and usurious rates."

The opinion goes on to state it was the contention of the defendants Green, Hill and Godwin that each of them was acting independently of the other, and that no fraud was perpetrated. However, it was pointed out that the Chancellor held that the proof established a fraudulent conspiracy on the part of Green, Hill and Godwin as charged in the bill, which resulted in a decree in favor of complainants for $1,000.00 for compensatory damages and $1,000.00 for punitive damages and the Court of Appeals affirmed the Chancellor.

Consideration of Secs. 62-1301 et seq. T.C.A. dealing with Real Estate Brokers, shows that a heavy responsibility has been placed on the Tennessee Real Estate Commission to determine what applicants are fit to engage in the real estate business having due regard for the protection of those who deal with them and the public at large.

Significantly, Section 62-1312 entitled "Proof as to Character—Rules and Regulations". Provides that the Commission may require such other proof as shall be deemed desirable with due regard to the paramount interest of the public as to the honesty, truthfulness, integrity and competency of the applicant.

Section 62-1324 sets out the grounds for revocation or suspension of a real estate brokers license. In this section we find that the Commission is empowered, on its own motion, and commanded on complaint in writing supported by evidence, to hold a hearing and investigate the actions of any real estate broker or real estate salesman and has the power to suspend or revoke any license issued under the provisions of this chapter.

The statute provides;

"[A]t any time where the licensee has by false or fraudulent representations obtained a license or where the licensee in performing or attempting to perform any of the acts mentioned herein is deemed to be guilty of;"

Here follows a list of ten infractions which will authorize the Commission to revoke or suspend the license. Sub-sections (h) and (j) thereunder are as follows

"(h) Being unworthy or incompetent to act as a real estate broker or salesman in such manner as to safeguard the interests of the public,"

"(j) Any other conduct whether of the same or a different character from that hereinbefore specified which constitutes improper, fraudulent or dishonest dealing."

The Chancellor was of the opinion that the words of the statute, "[A]ny of the acts mentioned herein", relate back to Section 62-1301 TCA, which defines a real estate broker. He then concluded that, since the unlawful acts performed by Godwin were not acts enumerated in that section, the Commission had no authority to revoke his license.

If we examine Section 62-1324 we find that sub-sections (a), (b), (c), (d), (e), (f) and (i) relate to acts connected with real estate transactions, but the language of sub-section (h) indicates that it is not limited to those acts set forth in the definition. One may be unworthy or incompetent in other areas than those that relate directly to buying, selling, leasing and renting. The provisions of Section (h) obviously relate to the character of the person and his fitness or unfitness to operate as a real estate broker or agent under a license from the State.

Section (j) quoted hereinabove refers to the conduct of a licensee or an applicant whether different in character from that specified in the act or not, which conduct constitutes improper, fraudulent or dishonest dealings as authorizing the revocation or suspension of the license.

Counsel for the Commission cite .the case of Division of New Jersey Real Estate Commission, etc. v. Ponsi, 39 N.J.Super. 526, 121 A.(2d) 555, as being one of the best reasoned cases on this subject and a case which supports the contention of counsel for the Commission.

It is pointed out that Title 45, Chapter 15, Section 17, of the New Jersey Code is substantially the same as Section 62-1324 of the Tennessee Statute and the identical phrase " [W]here the licensee, in performing or attempting to perform any of the acts mentioned herein", appears in both the New Jersey and the Tennessee Statutes. However, sub-section (j) in the Tennessee Statute is broader in scope than the corresponding sub-section of the New Jersey statute.

In reviewing the Commission's action in that case the Court stated;

"The question then propounded concerns the authority of the Commission to suspend, revoke or deny the renewal of a license to a broker who is deemed guilty of 'any conduct which demonstrates unworthiness, incompetency, bad faith or dishonesty' where that conduct is not connected with the pursuit of his licensed privilege."

\* \* \* \* \* \* \* \* \* \* \*

"It is noticeable that our statute obliges an applicant for the license to furnish to the Commission 'evidence

of good moral character.' * * * It seems inconceivable that the Legislature intended to establish one standard for the issuance of a license and another for its renewal or revocation. The Commission may 'in its discretion' refuse to grant any new license 'upon sufficient cause being shown.' N.J.S.A. 45:15-15"

* * * * * * * * * * *

"Would not personal acts of insanity unrelated to the brokerage business demonstrate the mental incompetency and unworthiness of the licensee? Would not defalcation as a bank teller demonstrate bad faith or dishonesty within the import of the real estate brokers' statute? The mentionable variety of such disqualifying acts or manifestations of a licensee extraneous the practice of brokerage and within the signification of 'unworthiness' is limited only by the fertility of one's imagination. This explains the use of the word 'unworthiness,' viz., not fit, undeserving, unsuitable."

In said opinion the Court further observed that an examination of the statute showed that the object exhibited by its composition was to create and maintain a commission to scrutinize in general and with care the character, competency, and integrity of license applicants and license holders to the end that in the interest of the public welfare, incompetent, unworthy and unscrupulous persons would be excluded from the real estate brokerage business, and that acts of a licensed broker comprehended by the statute in its specifications to disqualify the real estate broker from the retention or renewal of his license are not necessarily restricted to those committed in the pursuit of the privileges accorded by the license. (121 A.(2d) 557-558)

It is pointed out that this case has been followed in subsequent New Jersey cases and was followed and approved by the Florida Court in Anderson v. Florida Real Estate Commission, Fla.App., 105 So.(2d) 918. We agree with the reasoning employed by the Courts in these cases and reach a similar conclusion in the case at bar.

We think it would be an anomaly to so construe the Act as to render the Tennessee Real Estate Commission powerless to rid the ranks of real estate agents and brokers of men who have been convicted of fraudulent transactions whether directly in pursuit of the licensed privilege or not. If the position taken by the appellee in this case is sustained, the Commission could not revoke the license of one who had been convicted of embezzlement or grand larceny or some other such crime unless such crime was committed in pursuance of his vocation as a real estate broker.

We do not think this result was intended by the Legislature nor that Courts ought to give the act such an interpretation.

As to the proposition suggested by the Chancellor that the license of Mr. Godwin expired the last day of December following issuance thereof and, therefore, this case is moot, again we must disagree.

Section 62-1322 TCA provides that all licenses shall expire on the last day of December following issuance thereof but renewal may be effected upon application accompanied by a fee of $10.00. Thus, a renewal may be had as a matter of course upon payment of $10.00, no re-examination or re-qualification being called for in the absence of charges or complaints filed with the Commission. Hence, the renewal is largely administrative and the

question of the right of Mr. Godwin to continue as a licensed Real Estate Broker is what this lawsuit is about.

The decree of the Chancellor is reversed and the findings and order of the Tennessee Real Estate Commission is sustained with costs.

Reversed and rendered.

Humphreys and Chattin, JJ., concur.