530 P.2d 1290 (1974)
Robert W. SEIBEL, Petitioner-Appellant,
v.
COLORADO REAL ESTATE COMMISSION, Respondent-Appellee.
No. 74-104.
Colorado Court of Appeals, Div. I.
October 22, 1974.
Rehearing Denied November 19, 1974.
Certiorari Denied February 2, 1975.
*1291 Fischer, Wilmarth & Hasler, G. William Beardslee, Ft. Collins, for petitioner-appellant.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Roger H. Allott, State Sol. Gen., Irvin M. Kent, Asst. Atty. Gen., Michael B. Gorham, Sp. Asst. Atty. Gen., Denver, for respondent-appellee.
Selected for Official Publication.
STERNBERG, Judge.
This appeal raises the question of jurisdiction of the Colorado Real Estate Commission over acts of a broker in negotiating the acquisition of an interest in real estate for his own use. The hearing officer and the Colorado Real Estate Commission, directly, and the district court, by implication, all concluded that the real estate brokers licensing act, C.R.S.1963, 117-1-1 et seq. and rules adopted by the commission pursuant to that statute do apply to the conduct of licensed brokers in real estate matters relating to actions taken for their own account. We affirm.
Appellant (Seibel) is a licensed real estate broker. Intending to purchase a home owned by persons named Debord for his own use, he signed a receipt and option agreement, proceeding through the listing broker, Roberts. Seibel was not able to close on the agreed date, and accepted return of his deposit.
Several days later, one Arvidson signed a receipt and option agreement relating to the same property, again proceeding through Roberts. Seibel was not aware of this transaction. He personally contacted the Debords and attempted to have them sign a new contract for sale of the property to him. This proposed contract stated that Seibel and Roberts would divide the commission equally. All of the contacts by Seibel with the Debords regarding the second contract were made without the consent or approval of the listing broker.
After Seibel learned of the Arvidson contract, he recorded the original receipt and option agreement. The Debord-Arvidson sale was closed with $500 being placed in escrow to cover the cost of a possible quiet title suit to clear the records of the Seibel contract.
Pursuant to statute, proceedings were held before a hearing officer of the Colorado Real Estate Commission on alleged violations of both the real estate brokers licensing act and a commission rule. The hearing officer found that the commission had jurisdiction, that Seibel was guilty of improper and dishonest dealing in making direct contact with the sellers, that Seibel had violated both C.R.S.1963, 117-1-12(1)(t), and Real Estate Commission Rule E-13, and therefore recommended that his license be suspended for a period of not less than thirty nor more than ninety days.
C.R.S.1963, 117-1-12(1)(t), proscribes conduct "which constitutes dishonest dealing." Real Estate Commission Rule E-13 specifies that:
"A real estate broker shall not negotiate a sale, exchange, lease or listing contract of real property directly with an owner for compensation from such owner if he knows that such owner has a written unexpired contract in connection with such property which grants an exclusive right to sell to another broker, or which grants an exclusive agency to another broker."
The Real Estate Commission approved and adopted the findings of the hearing officer, and suspended Seibel's license for a period of thirty days. The district court reversed the commission's finding that Seibel had violated the statute, but affirmed the finding that he had violated Rule E-13. The matter was remanded to the commission to impose whatever penalty the commission felt was warranted for the violation of the rule. The commission thereupon suspended plaintiff's license for ten days, and this appeal followed.
Seibel urges that 1965 Perm.Supp., C.R.S.1963, 117-1-2(4), provides him a specific exemption from the authority of the commission in this case, since he was attempting to buy the home for his personal *1292 use and was not acting as a real estate broker. The pertinent paragraphs of this section state that:
"(a) The terms `real estate broker' or `real estate salesman', as used in this article, shall not apply to any of the following:

* * *
(e) Any owner of real estate acting personally, or a corporation acting through its officers, or regular salaried employees, in his or its own behalf with respect to property owned or leased by him or it, except as provided in subsection (2) of this section;
(f) Any person, firm, partnership, association acting personally, or a corporation acting through its officers or regular salaried employees, in his or its own behalf as principal in acquiring or in negotiating to acquire any interest in real estate . . . ."
At the outset of our discussion of this statute, we note that strict construction of the statute is not required since "[A]n administrative hearing to revoke or suspend a professional license is a disciplinary, not a criminal, proceeding." Commerce City Drug v. State Board of Pharmacy, 32 Colo.App. 216, 511 P.2d 935. Furthermore, we must interpret a statute as a whole, to give sensible effect to all its parts. Massey v. District Court, Colo., 506 P.2d 128; J. A. Tobin Construction Co. v. Weed, 158 Colo. 430, 407 P.2d 350. Also, a statute "must be construed to carry [its] beneficent purposes into effect, and not to defeat them." State v. Elkins, 84 Colo. 409, 270 P. 875.
Considering the statute in light of these principles, we conclude that the purpose of the exemption section of 1965 Perm.Supp., C.R.S.1963, 117-1-2(4), is to permit an owner of property to sell it, or to permit one to purchase property for his own account without having to procure a real estate license. These paragraphs have no application to the matter of discipline of licensed real estate brokers and salesmen. To interpret the statute as Seibel urges, would be to adopt an illogical and unduly restrictive meaning of the regulatory provisions of the entire statute. As stated in Burton v. City & County of Denver, 99 Colo. 207, 61 P.2d 856, construction that converts a statute into an absurdity, is "a construction forbidden by a well-recognized rule, unless no other is possible." See H. L. Shaffer & Co. v. Prosser, 99 Colo. 335, 62 P.2d 1161.
Other jurisdictions have held that a real estate licensing commission does have jurisdiction to impose discipline on brokers dealing in real estate matters for their own account. Division of New Jersey Real Estate Commission v. Ponsi, 39 N.J.Super. 526, 121 A.2d 555; Tennessee Real Estate Commission v. Godwin, 53 Tenn.App. 58, 378 S.W.2d 439; State Real Estate Commission v. Tice, 200 Pa.Super. 553, 190 A.2d 188.
Seibel points out that some states have not interpreted brokerage statutes to apply to transactions for a broker's own account. However, the logic of these cases is not persuasive and most of them are distinguishable either because the jurisdiction involved considers proceedings of this type to be penal in nature, and thus, strictly construes the statute, or because the acts complained of were not directly related to the real estate business.
Hence, we conclude that where a real estate broker is dealing in real estate for his own account, the Colorado Real Estate Commission has jurisdiction over his acts and can suspend or revoke his license for proven violations of the licensing statute or of the commission's rules. A broker can no more be allowed to violate the rules of the Real Estate Commission when purchasing property for his own account than he can when purchasing it for a client.
Seibel also urges as grounds for reversal that there was insufficient evidence in the record to support the findings of the hearing officer and real estate commission. While it is true that there was testimony presented, which, if believed, would have completely exonerated Seibel; *1293 nevertheless, it is equally true there was evidence in the record which would support a conclusion that Seibel violated Rule E-13. Since the findings were based on substantial evidence, they are binding on us. See Morrison Road Bar, Inc. v. Industrial Commission, 138 Colo. 16, 328 P.2d 1076.
Judgment affirmed.
ENOCH and BERMAN, JJ., concur.