**Albert T. HART, Plaintiff-Appellant,**

v.

**COLORADO REAL ESTATE COMMIS-SION, Keith Koske, Director; the Denver District Court; and John Brooks, Jr., one of the Judges thereof, Defendants-Appellees.**

No. 84CA0686.

Colorado Court of Appeals,
Div. II.

May 23, 1985.

Jordan & Seelen, Joyce A. Seelen, Lynn S. Jordan, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Linda K. Sublette, First Asst. Atty. Gen., Denver, for defendants-appellees.

KELLY, Judge.

Plaintiff, Albert Hart, appeals the trial court's affirmance of the Colorado Real Estate Commission's suspension of his salesman's license, arguing, among other grounds for reversal, that the Commission applied incorrect law and exceeded its authority. We affirm.

Hart, a licensed real estate salesman, entered into an exclusive right-to-sell listing contract with the Walkers for the sale of their property on Locust Street. Subsequently, Hart located a property on Akron Street which the Walkers decided to purchase. The Walkers entered into a contract to purchase the Akron Street property; however, the closing on their property was delayed for two weeks when Hart failed to file a Veterans Administration application with the lender.

During the two-week delay caused by Hart, the discount points on the new loan the Walkers were to obtain rose from three percent to six and one-half percent. Thus, Hart represented to the Walkers that he, along with the listing agent for the seller, would share one-third of the new increase in discount points by reducing the proportionate commissions of both salespersons. He advised the Walkers that they would be required to pay a sum equivalent to one-third of the discount points directly to the sellers. The Walkers paid that sum on the closing date.

Payment of discount points by the purchasers is a violation of the Veterans Administration's rules and regulations. Hart admitted that he knew it was improper for the purchasers to pay the discount points charged by the lender on the Veteran's Administration loan.

Originally the Walkers were to purchase the Akron Street property on the contingency that the Locust Street property first be sold. The Walkers decided to waive the contingency clause at the urging of Hart who agreed to negotiate a $20,000 bridge loan which would enable them to purchase the Akron Street property before the sale of the Locust Street property. Hart represented to the Walkers that he would help pay the interest on the bridge loan when it became due.

Prior to the closing on the Akron Street property, Hart entered into a residence lease agreement with the Walkers under which he leased the Locust Street property. The Walkers agreed to allow Hart to sublease the property so that they could receive rental payments to assist them in making the mortgage payments on Akron Street. However, when Hart presented potential renters to the Walkers, they refused to let Hart sublease the property.

Shortly thereafter, the relationship between Hart and the Walkers began to deteriorate. When the exclusive right-to-sell contract for the Locust Street property with Hart expired by its own terms after six months, the Walkers dismissed Hart from any further dealings concerning the property. When the interest on the bridge loan became due, Hart refused to assist in the payment.

Subsequently, the Colorado Real Estate Commission brought an action against Hart alleging violation of disciplinary statutes. The hearing officer concluded that Hart had violated § 12–61–113(1)(a), (n), and (t), C.R.S., and recommended that Hart's salesman's license be suspended for 120 days. The Commission adopted the recommendation of the hearing officer, and the trial court affirmed the Commission's order.

Hart argues that the hearing officer erred in determining that he was an agent

of the Walkers and therefore owed them a fiduciary duty. We disagree.

 An agent is one who acts for or in place of another by authority from him. *Shriver v. Carter*, 651 P.2d 436 (Colo.App. 1982). Agency may be established by the conduct of the alleged principal and agent. The question of the existence of an agency relationship is ordinarily for the factfinder. *Shriver, supra*. It is the duty of an agent to act with the utmost good faith and loyalty on behalf of his principal. *Lestoque v. M.R. Mansfield Realty, Inc.*, 36 Colo.App. 32, 536 P.2d 1146 (1975).

The hearing officer found that Hart, while acting in a fiduciary capacity as a salesman for the Walkers, made "substantial and willful misrepresentations" by promising to assist them with the interest payment on the bridge loan and then failing to honor that commitment. The hearing officer also determined, pursuant to the statute, that Hart committed "dishonest dealing" by arranging for the Walkers to pay a portion of the discount points and concluded that Hart was "unworthy or incompetent" to act as a real estate salesman by conducting his business in such a manner as to "endanger the interest of the public." *See* § 12–61–113(1)(a), (n), and (t), C.R.S. These findings are supported by substantial evidence and will not be disturbed on review. *See Seibel v. Colorado Real Estate Commission*, 34 Colo.App. 415, 530 P.2d 1290 (1974).

Hart next argues that the Commission exceeded its authority by reviewing the bridge loan transaction between the parties as that activity does not require a license. We disagree.

The Commission is empowered to review actions concerning "selling, exchanging, buying, renting, or leasing real estate...." Section 12–61–101(2), C.R.S. Here, Hart's promise to obtain the loan was an integral part of the real estate transaction with the Walkers. The Real Estate Commission may discipline real estate agents for related activities which do not require a license.

*Hammer v. Real Estate Commission*, 40 Colo.App. 260, 576 P.2d 191 (1977).

Plaintiff's other contentions of error are without merit.

Judgment affirmed.

SMITH and METZGER, JJ., concur.