Chase Riveland Executive Director Colorado Department of Corrections Springs Office Park, North Building 2860 South Circle Drive, Suite 2200 Colorado Springs, Colorado 80906
Chris Wilkerson, Chairman Colorado State Board of Parole 1580 Lincoln Street, Suite 920 Denver, Colorado 80203
Dear Messrs. Riveland and Wilkerson:
This opinion is in response to Mr. Riveland's letter of March 14, 1986, and Mr. Wilkerson's letter of March 25, 1986, in which inquiries were made concerning the computation of an offender's period of parole when the parolee is found guilty of violating one or more conditions of his parole but is continued on parole by the Board without revocation.
QUESTIONS PRESENTED AND CONCLUSIONS
Since there is substantial overlap in the questions presented in your requests, I have taken the liberty of consolidating and rephrasing them. Thus, the issues this opinion will address are as follows:
1. Who has the responsibility to assure that a parolee whose offense was committed on or after July 1, 1979 but before July 1, 1984, remains under parole supervision for a period of 1 year unless granted early discharge by the Board as provided by statute?
 The Division of Adult Services of the Department of Corrections is responsible for providing supervision for 1 year unless the parolee receives an early discharge.
2. When must an offender's discharge date be adjusted as a result of his actions while out on parole?
 There are three instances when an offender is not entitled to credit against his sentence for a period of time spent on parole. These are: (a) when a parolee violates his parole in any manner and is revoked and returned to the custody of the Department of Corrections; (b) when an offender's parole is suspended or cancelled pursuant to section 17-2-102, C.R.S. (1978); and (c) when an offender is found guilty of absconding, regardless of whether his parole has been cancelled, suspended, or revoked.
3. Does the Parole Board have authority under articles 2 and 22.5 of title 17, C.R.S., to order the Department of Corrections to exclude the time periods mentioned above in its time computation?
No.
4. Does the Department of Corrections have a responsibility to adjust an offender's discharge date in the absence of a parole revocation?
 Yes, when the offender is not entitled by law even in the absence of a parole revocation to credit against his sentence for a period of time spent outside the prison walls.
ANALYSIS
1. The Division of Adult Services of the Department of Corrections is responsible for providing supervision for 1 year unless the Parole Board discharges the offender earlier upon a finding that the offender has been sufficiently rehabilitated and reintegrated into society and can no longer benefit from parole supervision. Early discharge by the Board relieves the Division of Adult Services from its responsibility to keep the offender under supervision. Section 17-22.5-303, C.R.S. (1985 Supp.).
2. The statutes specifically provide for two circumstances in which an offender's discharge date must be adjusted due to his actions while on parole.
Section 17-22.5-203(1), C.R.S. (1985 Supp.), provides:
 Time of parole not considered when inmate is reincarcerated. The paroled inmate, upon an order of the state board of parole, may be returned to the department according to the terms of his original sentence, and, in computing the period of his confinement, the time between his release and his return to said custody shall not be considered any part of the term of his sentence.[1]
This provision clearly contemplates that an offender is not entitled to credit against his sentence for time spent on parole if said parole is revoked and he is reincarcerated. SeeFerchaw v. Tinsley, 234 F. Supp. 922 (D. Colo. 1964).
Section 17-2-207(4), C.R.S. (1978) provides:
 From and after the suspension, cancellation, or revocation of the parole of any prisoner and until his return to custody, he shall be deemed a parole violator and fugitive from justice, and no part of the time during which he was on parole shall be deemed a part of his term.
This provision mandates that an offender is not entitled to credit against his sentence for time spent on parole, regardless of whether he is ultimately revoked, if his parole is cancelled or suspended pursuant to section 17-2-102, C.R.S. (1978).[2]
Neither section 17-22.5-203(1) nor section 17-2-207(4) cited above directly address the status of the parolee who is found guilty of violating his parole but is not suspended, cancelled or revoked. This offender poses a more difficult problem.
As a general rule where a statute authorizes a particular action or consequence — such as loss of credit against one's sentence — under specified circumstances but does not specifically authorize the same result under different circumstances the omission must be considered deliberate.See United States Marshals Service v. Means,741 F.2d 1053 (8th Cir. 1984); Marshall v. Gibson'sProducts, Inc. of Plane, 584 F.2d 668 (5th Cir. 1978). Under this rule, since the legislature provided for the tolling of an offender's parole time when his parole is revoked and he is reincarcerated without providing for the same result when such offender violates his parole but is continued on parole by order of the Board, one could conclude that an offender is entitled to credit for time spent on parole unless revocation and reincarceration occur. However, statutes must be viewed as a whole and are not to be interpreted in such a manner as to frustrate their purpose or lead to an absurd result.Frohlick Crane Service, Inc. v. Mack, 182 Colo. 34,510 P.2d 891 (1973); Seibel v. Colorado Real Estate Comm'n,34 Colo. App. 415, 530 P.2d 1290 (1974).
In looking at the parole statute as a whole, it becomes apparent that the legislature intended for offenders to spend time under parole supervision in order to facilitate rehabilitation and reintegration into society. See section 17-22.5-303, C.R.S. (1985 Supp.). An interpretation of section 17-22.5-203(1) which permits absconders[3] to receive credit against their sentences for the time they spent avoiding supervision defeats that purpose of the parole scheme.
In Henrique v. United States Marshal, 653 F.2d 1317
(9th Cir. 1981), cert. denied, 455 U.S. 950
(1982), the court addressed an issue very similar to the one discussed here. In Henrique the court was called upon to interpret a tolling provision which specifically provided for denial of credit under certain circumstances — when an offender escaped or was out on bond pending appeal — but did not mention abscondence. The parolee there argued that, under normal principles of statutory construction, the omission of abscondence from the tolling provision constituted an intentional exclusion and that his sentence was therefore not tolled merely because he had absconded. While recognizing the general rule of construction which formed the basis of Henrique's argument, the court refused to apply it in this instance and stated: "Reason, justice and tradition strongly suggest that the Court must recognize the common-sense practicalities of the situation presented and refuse to be compelled into an absurd and unforeseen result by procrustean rules of statutory construction." Id. at 1320. The Henrique
court discussed the rehabilitative purpose of the supervision statute and found that this purpose was not being accomplished while an offender was on absconder status.
More recently, in Caballery v. United States ParoleComm'n, 673 F.2d 43 (2nd Cir. 1982), the court addressed the same issue, applied the rationale of Henrique, and relied on common law to reach the conclusion that abscondence tolls an offender's sentence notwithstanding the lack of specific statutory authority. The court, based on the well-established common law principle enunciated in Anderson v. Corall,263 U.S. 193, 196 (1923) that "mere lapse of time without imprisonment or other restraint contemplated by law does not constitute service of sentence," concluded that a parolee who has absconded and is not imprisoned or under other restraint contemplated by law is not serving his sentence.[4]
Section 2-4-211, C.R.S. (1980) provides that the common law shall be considered as of full force until repealed by legislative authority. Further, an intent to change or abrogate common law will not be presumed from doubtful statutory provisions but rather requires clear statutory intent. Robinson v.Kerr, 144 Colo. 48, 355 P.2d 117 (1960); Schuler v.Henry, 42 Colo. 367, 94 P. 360 (1908). Nothing in the statutes persuades me that the legislature intended to alter the common law as it pertains to this point.[5]
In sum, then, if a paroled offender is revoked and reincarcerated, he is not entitled to any credit for the time between his release and his return to DOC custody, section17-22.5-203(1); if his parole is suspended or cancelled, he is not entitled to credit for the time between such cancellation or suspension and his return to custody, section 17-2-207(4); and if he is found guilty of absconding or otherwise absenting himself from parole supervision but is continued on parole, the common law lapse-of-time principle provides that he is not entitled to credit against his sentence for the time between his abscondence and the service of the parole board warrant upon him,see Anderson v. Corall, supra;Caballery v. United States Parole Board,supra; Powell v. United States Bureau ofPrisons, 695 F.2d 868 (5th Cir. 1983).
3. and 4. In reviewing the applicable statutes I found nothing which gives the Parole Board authority to order the Department of Corrections to exclude any period of time from an offender's sentence in its time computation. In fact, although it is not expressly stated by the legislature, analysis of the statutory scheme with respect to time computation issues reveals an intent that time computation be a function of the Department of Corrections rather than of the Parole Board. This intent may be implied from numerous provisions including section 17-22.5-101, C.R.S. (1985 Supp.), which charges the Department with the responsibility of construing all sentences as one continuous sentence, section 17-22.5-301 (1985 Supp.), which authorizes the Department to withhold good time credit and requires said Department to make an annual report to the General Assembly concerning good time, and section 17-22.5-302 (1985 Supp.), which charges the Department with the responsibility of fairly awarding earned time.[6]
Although the Parole Board does not have authority to order the Department of Corrections to adjust a parolee's discharge date regardless of whether the Board revokes his parole, the Department is nonetheless bound to follow the law with respect to time computations. For example, under the common law lapse-of-time rule discussed earlier in this opinion, the Department is required to adjust an absconding offender's discharge date to exclude the time between his abscondence and the service of a parole board warrant upon him.
SUMMARY
The Division of Adult Services is responsible for providing parole supervision for 1 year unless the parolee receives an early discharge; the ultimate responsibility for time computation rests with the Department of Corrections, which is bound to follow the law with respect thereto; and, under applicable law, there are three instances when an offender is not
entitled to credit against his sentence for time spent on parole:
a. When a parolee violates his parole in any manner and is revoked and returned to the custody of the Department of Corrections;
b. When an offender's parole is suspended or cancelled pursuant to section 17-2-102, C.R.S. (1978); and
c. When an offender is found guilty of absconding, regardless of whether his parole has been cancelled or suspended or whether his parole is revoked.
Very truly yours,
 DUANE WOODARD Attorney General
PROBATION AND PAROLE SENTENCE AND SENTENCING STATUTORY CONSTRUCTION CORRECTIONS
Section 17-2-205, C.R.S. (1978) Section 17-2-102, C.R.S. (1978) Section 17-2-207, C.R.S. (1978) Section 17-22.5-203, C.R.S. (1985 Supp.) Section 17-22.5-303, C.R.S. (1985 Supp.) Section 17-2-206, C.R.S. (1978) Section 2-4-211, C.R.S. (1980) Section 17-22.5-301, C.R.S. (1985 Supp.) Section 17-22.5-302 (1985 Supp.) Section 17-22.5-101, C.R.S. (1985 Supp.)
CORRECTIONS, DEPARTMENT OF ADMINISTRATION PAROLE BOARD
Department of Corrections has responsibility to supervise parole for 1 year absent early discharge by Board. There are three instances when time is tolled while offender is on parole. Parole Board can not order Department of Corrections to adjust time of offender but Department of Corrections must follow law.
[1] Although, at first blush, it might appear from the location of the provision in part 2 of article 22.5, title 17, that it only applies to offenders sentenced for crimes committed prior to July 1, 1979, careful analysis reveals that this is not the case.
First, this provision was already in effect and applied to offenders who had committed offenses on or after July 1, 1979 but before July 1, 1984. See section 17-2-205, C.R.S. (1978). Moreover, in construing statutes, two primary rules of construction are that one must presume that the legislature intended a just and reasonable result, section 2-4-201(1)(c), C.R.S. (1980), and that statutes must not be interpreted in such a manner as to frustrate their purpose or lead to an absurd result. Frohlick Crane Service, Inc. v. Mack, 182 Colo. 34,510 P.2d 891 (1973); Seibel v. Colorado Real EstateComm'n, 34 Colo. App. 415, 530 P.2d 1290 (1974). If section17-22.5-203, C.R.S. (1985 Supp.) is construed such that it applies only to offenders sentenced for crimes committed prior to July 1, 1979, it results in a substantial and unwarranted disparity in treatment between these offenders and their counterparts sentenced for crimes committed after July 1, 1979. Nothing in the wording of the provision itself reflects an intent to narrow its applicability to offenders sentenced for crimes committed prior to July 1, 1979. Finally, such a limited applicability of section 17-22.5-203, C.R.S. (1985 Supp.) would render an absurd result in that there is no other provision which covers offenders sentenced for crimes committed after July 1, 1979. For the foregoing reasons, it is my opinion that the location of section 17-22.5-203, C.R.S. (1985 Supp.) is not controlling and that it applies to all offenders. SeeDalby v. City of Longmont, 81 Colo. 271, 256 P. 310
(1926) (the title of an act is subordinate to the text in construing it); People v. Shortt, 192 Colo. 183,557 P.2d 338 (1976) (any subheading provided in the codification of a statute is not part of it and may not be used to defeat clear legislative intent).
[2] Section 17-2-102, C.R.S. (1978) authorizes the director of the Division of Adult Services to suspend an offender's parole in the interim of the meetings of the Parole Board and, in connection therewith, arrest the offender and return him to the institution from whence he was paroled to await Board action.
[3] Black's Law Dictionary defines absconding as follows: "to go in a clandestine manner out of the jurisdiction of the courts, or to lie concealed, in order to avoid their process; to hide, conceal or absent oneself clandestinely with the intent to avoid legal process."
[4] The Caballery court further characterized the adjustment in the parole discharge date not as an extension of the original sentence but rather as merely incorporating the common law rule on lapse of time.
[5] In reaching this conclusion, I have reviewed and considered section 17-2-206, C.R.S. (1978) and section 17-22.5-203(2), C.R.S. (1985 Supp.) which provide that if an inmate "behaves and conducts himself as not to incur his reincarceration" he is entitled to credit on his sentence for time spent on parole. In my view these provisions presuppose that the offender is behaving while under parole supervision which is not the case when the offender has absconded. At worst it is far from clear that this isolated sentence was intended to alter or abrogate a long standing common law principle grounded so firmly in common sense.
[6] The Parole Board itself has recognized that time computation is the province of the Department of Corrections as is evidenced by Rule 5.1 of the Rules and Regulations of the Colorado State Board of Parole adopted on August 8, 1980. Rule 5.1 provides:
 Computation of time served on any sentence shall be the responsibility of the department and such computation shall be accepted by the board for purposes of conducting interviews for parole consideration and in determining parole release and discharge eligibility.