**NCR CORPORATION,**
**Plaintiff-Appellee,**

v.

**ROBERT A. McNEIL CORPORATION,**
**Defendant-Appellant.**

**No. 85CA1485.**

Colorado Court of Appeals,
Div. I.

June 11, 1987.

Rehearing Denied July 16, 1987.

Certiorari Denied Dec. 14, 1987.

Sobol & Sobol, P.C., Larry J. Ziegler, Denver, for plaintiff-appellee.

Brown & Lewis, Huntington C. Brown, Mark R. Lewis, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Robert A. McNeil Corporation, appeals the trial court judgment granting plaintiff, NCR Corporation, priority lien rights to certain computer equipment. We affirm.

The following facts are undisputed. In September 1981, defendant entered into a premises lease agreement with lessee, Data Management Services (DMS). The agreement granted defendant, lessor, a lien over possessions and equipment located on the premises.

In November 1981, DMS entered into a written contract with plaintiff for the purchase of computer equipment. This contract reserved to plaintiff a purchase money security interest in each unit of equipment sold to DMS. The agreement also provided that: "NCR may file a financing statement (NCR being constituted an agent of customer [DMS] to sign on customer's behalf....)"

In March 1983, plaintiff filed a financing statement reserving a security interest in the computer equipment. This statement contained all the necessary information, and was signed by plaintiff, as agent for DMS, pursuant to the written agreement.

In October 1983, DMS defaulted on both of its agreements, and defendant, relying upon its contractual lien, took physical possession of all equipment located on the premises, including the computer equipment.

Thereafter, plaintiff brought this action seeking to recover possession of the equipment it had sold to DMS. The trial court found plaintiff's security interest was perfected prior to that of defendant, and judgment was entered in favor of plaintiff. From this judgment, defendant appeals.

Section 4–9–402(1), C.R.S. (1986 Cum. Supp.), provides that:

> "A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral."

The only issue raised by defendant is whether the signature of plaintiff, acting as agent for DMS, was adequate to satisfy the requirements of "signed by the debtor," for purposes of § 4–9–402(1). We rule that it was.

Section 4–1–201(39), C.R.S., provides that:

> " 'Signed' includes any symbol executed or adopted by a party with present intention to authenticate a writing."

Although no definition or code section expressly authorizes an agent to sign a financing statement on behalf of the debtor, § 4–1–103, C.R.S., provides that:

> "Unless displaced by the particular provisions of this title, the principles law and equity, including the law merchant and the law relative to capacity to contract, [and] *principal and agent* ... shall supplement its provisions." (emphasis added)

Here, the purchase agreement establishes plaintiff's authority to sign the financing statement on behalf of DMS. It specifically authorizes plaintiff to sign on behalf of the debtor. Accordingly, the record supports the trial court's factual finding of an agency relationship. *See Hart v. Colorado Real Estate Commission*, 702 P.2d 763 (Colo.App.1985). Hence, because the signature was authorized and adopted by the debtor, the financing statement was "signed by the debtor" for purposes of § 4–9–402(1), C.R.S.

Judgment affirmed.

KELLY and METZGER, JJ., concur.