No. C-323

**Frohlick Crane Service, Inc. v. Arthur Mack**
(510 P.2d 891)

Decided June 4, 1973.          Rehearing denied June 25, 1973.

Darwin D. Coit, for petitioner.

Almon and Barsotti, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The plaintiff, Arthur Mack, was employed by the B & L Wrecking Company as a workman on a demolition project. The defendant, Frohlick Crane Service, Inc., contracted with B & L Wrecking Company, who was the general contractor, to furnish a crane and to provide the employees to operate and service the crane. Mack brought suit against Frohlick for injuries which he allegedly suffered as a result of the negligence of the employees of Frohlick in the operation of the crane. He also claimed, and was paid, Workmen's Compensation by the B & L Wrecking Company, through its insurance carrier, the State Compensation Insurance Fund.

The issue before us is whether the trial court properly granted Frohlick's motion for summary judgment dismissing Mack's negligence claim. The Court of Appeals reversed the trial court and remanded the case for further proceedings. *Mack v. Frohlick Crane Service, Inc.,* 31 Colo. App. 457, 505 P.2d 36 (1972). We granted certiorari and now affirm the Court of Appeals.

Our result is predicated upon an interpretation of C.R.S. 1963, 81-9-1 and C.R.S. 1963, 81-13-8.[1] C.R.S. 1963, 81-9-1, provides that an employer who contracts-out part of his work to a subcontractor is deemed to be the employer of the subcontractor and his employees for Workmen's Compensation purposes. C.R.S. 1963, 81-13-8, permits an employee to bring suit for job-related injuries against those persons "not in the same employ." The trial court, in dismissing Mack's negligence suit against Frohlick, held that Mack was suing his co-employee under the statutory language of C.R.S. 1963, 81-9-1, and that such a suit was prohibited by C.R.S. 1963, 81-13-8.

The Court of Appeals held that Frohlick was not immune from suit by Mack, because Frohlick was not Mack's employer and had no responsibility to Mack under the Workmen's Compensation law. In short, there was no employer-employee relationship between Frohlick and Mack, and therefore, the Workmen's Compensation Act has no application. We agree with the Court of Appeals' interpretation of the statute.

We would be overriding the obvious intent of the legislature if we were to interpret the statutory provisions as the trial court did. If we treated Frohlick as Mack's co-employee in this case, we would be exalting form over substance. It is elementary that statutory interpretation must be governed by legislative intent. *Johnston v. City of Greenwood Village,* 177 Colo. 223, 493 P.2d 651 (1972). No court should interpret a statute in such a manner as to

[1] The statute has been amended in ways not germane to this discussion. 1971 Perm. Supp., C.R.S. 1963, 81-13-8; 1969 Perm. Supp., C.R.S. 1963, 81-13-8.

frustrate the intent of the legislature. *Dillon & Sons v. Carrington,* 169 Colo. 242, 455 P.2d 201 (1969).

The primary purpose of the Workmen's Compensation Act is to afford workmen compensation for job-related injuries, regardless of fault. The statutory scheme grants the employee compensation from the employer, even though the employee may be negligent and even if the employer is not negligent. In return, the employer who is responsible under the Workmen's Compensation Act is granted immunity from common-law claims. However, our Workmen's Compensation Act is not to shield third-party tort-feasors from liability for damages resulting from their negligence. *E.g., Wilson v. Smith,* 110 Colo. 68, 130 P.2d 1053 (1942). The employer is immunized from claims for tortious injuries only because he assumes the burden of compensating a workman for all job-related injuries. *See Great Western Company v. Erbes,* 148 Colo. 566, 367 P.2d 329 (1961).

To implement the general purpose of the Workmen's Compensation laws, C.R.S. 1963, 81-9-1, was enacted to prevent an employer from avoiding responsibility under the Workmen's Compensation Act by contracting-out his work to an uninsured subcontractor. The statute makes an employer responsible for subcontractors and their employees when the employer has contracted-out part of his regular business. C.R.S. 1963, 81-9-1, provides that a subcontractor and his employees are deemed to be employees of the employer who contracts for others to do his work.

The legislature, however, did not intend that a subcontractor should be free of responsibility for his own negligence or the negligence of his employees.

We have previously held that a subcontractor may be sued by an employee of a general contractor. *Chartier v. Winslow Crane Service,* 142 Colo. 294, 350 P.2d 1044 (1960). Our decision is also in line with the great weight of authority which recognizes that subcontractors are subject to suit by employees of the general contractor. *See* 2 *Larson, Workmen's Compensation Law* § 72.32.

Accordingly, we affirm the Court of Appeals.

MR. JUSTICE GROVES does not participate.