Mr. Thomas H. Sheehan, Jr. Executive Director Department of Administration 724 State Services Building Denver, Colorado 80203
Dear Mr. Sheehan:
You have requested my opinion on several questions relating to employee injuries and any subsequent legal recourse an employee might have. All of these questions presumably are based on the assumption that the injury or death in question occurred in such a manner as to bring the injury or death within the provisions of the Workmen's Compensation Act, articles 40-54 of Title 8, C.R.S. 1973, as amended.
QUESTIONS PRESENTED AND CONCLUSIONS
1. If a state employee was injured or killed, would the employee's family have any legal recourse against the State of Colorado other than workmen's compensation insurance?
 The employee's family would have no legal recourse against the State of Colorado other than workmen's compensation insurance.
2. Are there any situations where the employee or his heirs could reject the provisions of the Workmen's Compensation Act, and sue the state for damages?
 Again, the direct answer is no. The only actions permitted an employee under the Workmen's Compensation Act are those specified in that Act.
3. If a state employee were injured or killed by a third party in an accident, what effect would this have on the payment of workmen's compensation benefits?
 In such a situation, the employee or his family has an option either to take workmen's compensation benefits or to proceed against the third party.
4. Would it be legal for the state to make available to its employees, on an employee paid basis, a group accident insurance policy?
 There appears to be nothing inherently illegal in such a situation. However, the insurance cannot take the place of workmen's compensation, but can only be a supplement thereto.
ANALYSIS
Regarding question #1, C.R.S. 1973, 8-42-102, as amended, states:
 8-42-102. Liability of employer complying. An employer who has complied with the provisions of articles 40 to 54 of this title, including the provisions relating to insurance, shall not be subject to the provisions of section 8-42-101; nor shall such employer or the insurance carrier, if any, insuring the employer's liability under said articles be subject to any other liability for the death of or personal injury to any employee, except as provided in said articles; and all causes of action, actions at law, suits in equity, proceedings, and statutory and common law rights and remedies for and on account of such death of or personal injury to any such employee and accruing to any person are abolished except as provided in said articles.
Regarding question #3, C.R.S. 1973, 8-52-108. The statute does provide for assignment and subrogation, but that is not of concern to the employee or his family. As stated inFrohlick Crane Service, Inc. v. Mack, 182 Colo. 34,510 P.2d 891 (1973), the Workmen's Compensation Act is not to shield third-party tort-feasors from liability for damages resulting from their negligence.
Regarding question #4, the only role of the state, as I understand your question, is to qualify an employee for group insurance rates. It is my understanding that the "State Employees and Officials Group Health Insurance Act," C.R.S. 1973,10-8-201 et seq. provides for such insurance.
In addition, I would like to remind you that C.R.S. 1973,8-43-103, which allowed an employee to elect not to become subject to the Workmen's Compensation Act, was repealed in 1975. Further, part 2 of title 8, article 42, C.R.S. 1973, was erroneously included in the printing of C.R.S. 1973. This part 2 was never enacted as part of the Workmen's Compensation Act.
SUMMARY
An employee of the State of Colorado injured or killed within the scope of the Workmen's Compensation Act would be limited to the remedies available under that Act. The state may make available to the employee a group accident insurance policy.
Very truly yours,
 J.D. MacFARLANE Attorney General
WORKMEN'S COMPENSATION LITIGATION
C.R.S. 1973, 8-42-102
C.R.S. 1973, 8-52-108
ADMINISTRATION, DEPT. OF Administration
An employee of the State of Colorado injured or killed within the scope of the Workmen's Compensation Act would be limited to the remedies available under that Act. The state may make available to the employee a group accident insurance policy.