Gregg **RICHARDS,** Petitioner,

v.

**DIVISION OF EMPLOYMENT AND TRAINING and the Industrial Claim Appeals Office of the State of Colorado,** Respondents.

No. 89CA1570.

Colorado Court of Appeals, Div. II.

Oct. 25, 1990.

Martin, McAllister & Murphy, P.C., Barry Boughman, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Jill M.M. Gallet and Tony Arguello, Asst. Attys. Gen., Denver, for respondents.

Opinion by Judge RULAND.

Gregg Richards seeks review of a final order of the Industrial Claim Appeals Office (Panel) which held that he is liable for unemployment compensation taxes under § 8–70–101, et seq., C.R.S. (1986 Repl.Vol. 3B), of the Colorado Employment Security Act based on services performed by his health care attendants. We affirm.

The facts are undisputed. Richards, a quadriplegic as the result of a car accident, requires full-time assistance with his physical activities. Richards hires, trains, and directs all the activities of the attendants who provide him with the needed assistance.

Under the insurance policy which provided coverage for Richards' injuries, the insurance carrier was required to pay for Richards' health care needs. The carrier sets the number of hours per day it will pay for attendants, the maximum hourly amount it will pay, and how often it will pay for these services. The attendants fill out time sheets and Richards sends them to the carrier. The carrier sends one check to Richards along with a statement itemizing the amount due each attendant. The check is then deposited by Richards' mother who obtains cash and pays the attendants.

On review, Richards contends that the Panel erred in concluding that he is either an "employer," an "employing unit," or that the attendants were in his "employ," as those terms are used in the Employment Security Act. As support for this contention, Richards relies upon the fact that the carrier provides the funds to pay the attendants and the fact that the carrier dictates both the hourly rate and the number of hours in each day for which it will pay the attendants. We find no merit in this contention.

Section 8–70–114, C.R.S. (1990 Cum. Supp.) provides, in pertinent part, that "employing unit" includes any individual who has in his employ one or more individuals performing services for that individual. Subject to certain exceptions not involved here, "employment" includes any "service" performed by an employee. *See* § 8–70–115 to § 8–70–140, C.R.S. (1990 Cum.Supp.).

Here, the evidence established that Richards, not the carrier, enters into employment agreements with the attendants. Further, Richards is responsible for hiring, firing, training, and directing them in the performance of their activities. Finally, Richards negotiates the hours and rates of pay and, ultimately, is responsible for ensuring that the attendants are paid. For example, while the carrier provides funds for 16 hours of daily care at five dollars an hour, Richards negotiates his attendants' pay and scheduling so that he receives 24–hour care. Therefore, we conclude that Richards is an employing unit and that the attendants are in his employment for purposes of the Act.

Contrary to Richards' contention, the fact that the carrier provides the funds to pay the attendants does not change their status as his employees. Section 8–70–121, C.R.S. (1990 Cum.Supp.) refers to the "person who paid cash remuneration" in describing a domestic service employment re-

lationship, and § 8–76–102(1), C.R.S. (1986 Repl.Vol. 3B) refers to a percentage tax calculation for wages "paid by the employer." However, these sections of the Act do not purport to define the source of revenue from which an employer obtains the funds for payment of employees. Stated otherwise, the revenue source may be borrowed funds, donated funds, funds due under a contract, or the separate funds of the employer.

Richards finally contends that imposition of the tax discriminates against him as a handicapped person and constitutes a gross miscarriage of justice. However, neither the Panel nor this court may frustrate the unambiguous mandate of the Act under the guise of statutory interpretation. *Frohlick Crane Service, Inc. v. Mack*, 182 Colo. 34, 510 P.2d 891 (1973). Instead, this concern must be addressed to the General Assembly.

The order is affirmed.

STERNBERG, C.J., and HUME, J., concur.