In re Gordon PULSIFER, Plaintiff

v.

PUEBLO PROFESSIONAL CONTRACTORS, INC., a Colorado Corporation; D & W Custom Builders, Inc., a Colorado Corporation; and Woodbusters Construction, Defendants.

No. 07SA24.

Supreme Court of Colorado,
En Banc.

June 25, 2007.

---

Koncilja & Koncilja, P.C., James Koncilja, Laurence Saunders, Pueblo, Colorado, Attorneys for Plaintiff.

Davis, Graham & Stubbs, L.L.P., Andrew M. Low, Richard P. Holme, Elizabeth H. Titus, Denver, Colorado, Attorneys for Defendant Pueblo Professional Contractors.

No appearance by or on behalf of defendants D & W Custom Builders, Inc., a Colorado Corporation, and Woodbusters Construction.

RULE MADE ABSOLUTE

Justice MARTINEZ delivered the Opinion of the Court.

We issued a rule to show cause to determine whether the trial court's ruling that the plaintiff's maximum recovery for a work related injury is not limited to fifteen thousand dollars under the Workers' Compensation

Act was correct. We now make the rule absolute and hold that the plaintiff is within the category of individuals subject to the statutory limit and that he is not excepted from the limit.

## I. Facts and Procedural History

The respondent Gordon Pulsifer ("Pulsifer") is a painter. He was hired as a subcontractor to work on the construction of the Stonegate Village Apartments in Pueblo, Colorado by the petitioner, Pueblo Professional Contractors, Inc. ("PPC"), a general contractor. Pulsifer was injured at the construction site when he stepped on stairs that slipped away from the building causing what he alleges are severe injuries, substantial medical expenses, and the loss of past and future income and earnings.

Pulsifer did not provide workers' compensation insurance for himself under Colorado's Workers' Compensation Act ("WCA"). Also, both parties agree that Pulsifer was not eligible for workers' compensation coverage under PPC's policy. Pulsifer was thus permitted to file a common law action for negligence against PPC and two other defendants, D & W Custom Builders and Woodbusters Construction.[1]

Following the close of discovery, PPC moved for summary judgment dismissing the claim, or in the alternative, partial summary judgment on the question of whether the WCA's statutory limit on common law tort damages of fifteen thousand dollars applies to Pulsifer's claim. The trial court denied both motions and PPC's motions for reconsideration.

In its order certifying the petition for C.A.R. 21 review, the trial court noted that

determining when the fifteen thousand dollar statutory limit applies under the WCA is an important issue likely to recur with some frequency. Further, the parties anticipate a lengthy trial with 25–30 witnesses, including numerous experts. The trial court and both parties therefore urged us to accept the petition. We agreed and issued a rule to show cause why the Workers' Compensation Act's fifteen thousand dollar statutory limit on damages should apply in this case. We now make the rule absolute, and return this case to the trial court for further proceedings consistent with this opinion.

## II. Analysis

When interpreting a comprehensive legislative scheme, we construe the statutory provisions to further the intent of the General Assembly. *Wolford v. Pinnacol Assurance*, 107 P.3d 947, 951 (Colo.2005). We determine legislative intent primarily from the plain language of the statute. *I.C.A.O. v. Ray*, 145 P.3d 661, 668 (Colo.2006). If statutory language is ambiguous, we may look to other rules of statutory construction or the legislative history as indications of the legislature's intent. *Grant v. People*, 48 P.3d 543, 546 (Colo.2002). A comprehensive regulatory scheme such as the Workers' Compensation Act also requires that the language be construed so as to give effect and meaning to all its parts. *Wolford*, 107 P.3d at 951. Finally, we construe the WCA liberally to accomplish its remedial and beneficent purpose. *Davison v. I.C.A.O.*, 84 P.3d 1023, 1029 (Colo.2004).

Resolution of this case requires us to interpret the meaning of section 8–41–401(3), C.R.S. (2006).[2] This section limits the total

---

1. D & W Custom Builders did not participate in this petition. Woodbusters Construction was not served with a summons and did not appear either in the trial court or in this petition.

2. Section 8–41–401(3) reads:

   Notwithstanding any provision of this section or section 8–41–402 to the contrary, any individual who is excluded from the definition of employee pursuant to section 8–40–202(2), or a working general partner or sole proprietor who is not covered under a policy of workers' compensation insurance, or a corporate officer or member of a limited liability company who

   executes and files an election to reject coverage under section 8–41–202(1) shall not have any cause of action of any kind under articles 40 to 47 of this title. Nothing in this section shall be construed to restrict the right of any such individual to elect to proceed against a third party in accordance with the provisions of section 8–41–203. The total amount of damages recoverable pursuant to any cause of action resulting from a work-related injury brought by such individual *that would otherwise have been compensable under articles 40 to 47 of this title* shall not exceed fifteen thousand dollars, *except in any cause of action brought*

recovery available to plaintiffs who bring a common law action for a work-related injury that would otherwise have been compensable under the WCA. It also excepts from those limits actions against "another not in the same employ." Therefore, as a preliminary matter we must first determine whether Pulsifer falls into the category of persons to whom the statutory limit applies. We then consider whether the "another not in the same employ" exception to the statutory limit applies.

## A. Individuals Subject to the Statutory Limit

■ By its plain language, the statutory limit on damages applies to the category of persons who would otherwise have been compensated under the WCA. § 8–41–401(3). The final sentence of the section describes those persons subject to the statutory limit: "The total amount of damages recoverable pursuant to any cause of action resulting from a work-related injury brought by *such individual that would otherwise have been compensable* under articles 40 to 47 of this title shall not exceed fifteen thousand dollars...." *Id.* Standing alone, it is impossible to determine who "such individual[s]" are and what "otherwise" would have made them eligible for workers' compensation. We therefore look to the rest of the subsection's language for contextual meaning and conclude that the individuals referred to in the last sentence are the individuals listed in the first sentence of this subsection of the statute.

The first sentence of subsection 8–41–401(3) begins: "Notwithstanding any ... provisions to the contrary, *any individual* who is [identified in this statute] shall have no cause of action under [the WCA]." *Id.* (emphasis added). The "individual" who has no cause of action under the WCA is identified by the statute as a person who falls within one of three groups. The first group with no cause of action under the WCA is "any individual who is excluded from the definition of employee pursuant to section 8–40–202(2)" which generally describes independent contractors. *Id.* The second group

is "a working general partner or sole proprietor who is not covered under a policy of workers' compensation insurance." *Id.* The third group is "a corporate officer or member of a limited liability company who executes and files an election to reject coverage under section 8–41–202(1)." *Id.* Thus, this sentence unambiguously states that individuals in these three groups, who can not make workers' compensation claims according other parts of the statute, are excluded from recovery under the WCA.

The individuals described in each group share the characteristic of being individuals who could have obtained coverage but did not because they either did not elect to cover themselves, *see* § 8–40–302(5), C.R.S. (2006) (allowing a person who is a sole proprietor or an independent contractor to voluntarily elect WCA coverage), or chose to opt out, *see* § 8–41–202(1), C.R.S. (2006) (permitting corporate officers to reject coverage). Thus, the first sentence of the statute describes individuals who have common law causes of action for work-related injuries who could have WCA protection but for their choice rejecting coverage. These are the individuals referred to in the third sentence.

The third sentence applies the statutory limitation on damages to any "such individual" who would otherwise have been compensated under the WCA. Therefore, it refers to "any individual" described in the first sentence. Thus, the statutory limit applies to "any individual who is excluded from the definition of employee pursuant to section 8–40–202(2)(b), or a working general partner or sole proprietor who is not covered under a policy of workers' compensation insurance, or a corporate officer or member of a limited liability company who executes and files an election to reject coverage under section 8–41–202(1)." § 8–41–401(3); *see Kelly v. Mile Hi Single Ply, Inc.,* 890 P.2d 1161, 1166 (Colo.1995) (holding that a rejecting officer is subject to the statutory limitation on damages in section 8–41–401(3) ). This interpretation is also consistent with the legislative history.

*against another not in the same employ.* (Emphasis added).

In 1987, the General Assembly amended the WCA and created what is now section 8–41–401(3). 1987 Colo. Sess. Laws 399. The first sentence began, as the version of the statute we now interpret does, with a list of persons who "shall not have any cause of action [under the WCA]."[3] *Id.* The third sentence began, as it does now: "[t]he total amount of damages recoverable by such individual ...," but then repeated the list and applied the statutory limitation to the individuals listed. *Id.* In 1988, the listed individuals were replaced with the words "independent contractor" in both sentences. 1988 Colo. Sess. Laws 374, 375. Then in 1993, the words "independent contractor" were replaced in the first sentence by the current language referring to an individual excluded from the definition of employee;[4] while in the third sentence "independent contractor" was deleted and replaced with "individual," a word appearing in the original 1987 version of the statute. From this history it is clear that the General Assembly meant for the "individual" subject to the statutory limitations to be an individual in one of the listed groups in the first sentence.

Here, Pulsifer, as a sole proprietor and a person excluded from the definition of employee,[5] is within the group of individuals generally subject to the statutory limit on damages. We now turn to the central issue presented in this appeal: whether Pulsifer is excepted from the statutory limit because PPC was "another not in the same employ" with Pulsifer.

### B. Individuals Who Are "Another Not in the Same Employ"

■ The final phrase of the third sentence of section 8–41–401(3) states: "[the recoverable damages of members of the groups listed above] shall not exceed fifteen thousand dollars, *except in any cause of action brought against another not in the same employ.*" (Emphasis added). Having identified the three groups of individuals subject to the statutory limitations, and that Pulsifer falls into one of those groups, we must now determine whether PPC was "another not in the same employ" with Pulsifer thus excepting him from the statutory limitations. Pulsifer argues that, as an independent contractor excluded from the WCA under the definition of "employee" in section 8–40–202(2), C.R.S. (2006), PPC was never Pulsifer's employer. Thus, Pulsifer argues that no employment relationship ever existed between PPC and himself and therefore PPC was "another not in the same employ" with him. PPC contends that Pulsifer is a "statutory employee" who is nonetheless ineligible for WCA coverage. PPC argues that it therefore must have been "in the same employ" with Pulsifer. For the reasons explained below, we conclude that the sentence "The total amount of damages recoverable *pursuant to any cause of action* resulting from a work-related injury brought by such individual ... shall not exceed fifteen thousand dollars, except in *any cause of action* brought against another

3. The amended statute also specifically referred to those individuals as persons "who [did] not obtain coverage under a policy of workmen's compensation insurance for himself [pursuant to the WCA] ...," further underscoring our conclusion that the statutory limits apply to those who could have, but did not, cover themselves under the WCA.1987 Colo. Sess. Laws 399.

4. In 1996, the other two groups, sole proprietors and rejecting corporate officers, were added to sentence one. 1996 Colo. Sess. Laws 646, 647.

5. Pulsifer is described to us in the briefs as both an "independent contractor" and a "sole proprietor;" however, both are excluded from WCA coverage. In section 8–40–302(5)(b), the statute tells us that "[n]otwithstanding any .other provisions of [the WCA] ... [a] sole proprietor actively engaged in the business may elect to be *included* [in the protections of the WCA]." § 8–40–

302(5)(b), C.R.S. (2006) (emphasis added). Logically, a sole proprietor must therefore be excluded from the WCA before they can elect to be included. From this we conclude that sole proprietors are excluded from the WCA until they elect to include themselves. An independent contractor is typically one who is excluded from the definition of employee in section 8–40–202(2). The term "independent contractor" describes the relationship with those for whom work is done, whereas "sole proprietor" describes the organization of the business with whom the contract is made. An independent contract may be a sole proprietor and vice versa, but one is not necessarily the other. For the purposes of this opinion however, there is no legally significant difference to the issues we address here if Pulsifer is described as an "independent contractor" or a "sole proprietor."

not in the same employ," in section 8–41–401(3) (emphasis added), refers to the ability of an injured worker to bring a cause of action against a third party and does not refer to whether a person is an "employee" under the WCA.

The phrase "another not in the same employ" is not defined in section 8–41–401(3) or elsewhere in the WCA. It is used, however, in one other part of the WCA—section 8–41–203(1)(a), C.R.S. (2006). The language of section 8–41–203, including the phrase "another not in the same employ," has been part of the WCA's statutory language from its inception in 1919. 1919 Colo. Sess. Laws 700, 736; ch. 80 § 4461, C.L. (1921). The current version of section 8–41–203 is titled, in part, "Negligence of *stranger*" and permits an injured worker to pursue "any damages in excess of the compensation available under [the WCA]" if they are injured or killed "by *the negligence or wrong of another not in the same employ.*" § 8–41–203(1)(a), C.R.S. (2006) (emphasis added).[6] In two cases addressing the meaning of the phrase "another not in the same employ," as used in what is now section 8–41–203(1)(a), we concluded that it refers only to third parties. *Chartier v. Winslow Crane Serv. Co.*, 142 Colo. 294, 350 P.2d 1044 (1960); *Frohlick Crane Serv., Inc. v. Mack*, 182 Colo. 34, 510 P.2d 891 (1973).

In *Chartier*, an employee of a general contractor was injured by a crane operator working as an employee of a subcontractor. 142 Colo. at 316, 350 P.2d at 1046. The injured employee of the general contractor sued the subcontractor, Winslow Crane Service, after receiving WCA benefits from his employer. *Id.* We held that the injured employee was "another not in the same employ" with Winslow Crane Service and thus could sue outside the WCA. *Id.* We concluded in *Chartier* that "[the WCA applies] only to remedies against the *immediate employer.*

It does not operate to relieve *a third person* such as the defendant in this case." *Id.* (emphasis added). Our holding in *Chartier* was relied on in *Frohlick*, a case also involving an injury caused by the use of a crane. 182 Colo. at 37, 510 P.2d at 892.

In *Frohlick*, like in *Chartier*, a general contractor's employee was injured by the negligence of the subcontractor's employee. *Id.* We held, pursuant to *Chartier*, that the subcontractor was "another not in the same employ" with the general contractor's employee because, like the parties in *Chartier*, they were third parties to one another. *Id.* at 38, 510 P.2d at 893. The holdings in these two cases, with respect to the meaning of "another not in the same employ," remain good law and were on the books at the time that the General Assembly adopted section 8–41–401(3) and included the "another not in the same employ" language. *See* 1987 Colo. Sess. Laws 399.

"Another not in the same employ" is used in section 401(3) like it is in section 203(1)(a)—to address tort recovery outside of the restrictions of the WCA. The link between both statutes is strengthened by the fact that section 203(1)(a) is directly cross-referenced in section 401(3): "[n]othing in this section shall be construed to restrict the right of any such individual to elect to proceed against *a third party* in accordance with the provisions of *section 8–41–203.*" § 8–41–401(3) (emphasis added). Finally, the use of the words "stranger" in the title of section 8–41–203 and "third party" in section 8–41–401(3) suggests that "another not in the same employ," as used in both statutes, must be a person who is not a principal party.[7] Thus, the meaning of "another not in the same employ" in section 203(1)(a) was not changed when it was used by the General Assembly again in 1987 in section 401(3).

---

**6.** Section 8–41–203(1)(a) is titled and states, in relevant part:

> *Negligence of stranger* —remedies—subrogation—actions—compromise.
> (1)(a) If any employee entitled to compensation under [the WCA] is injured or killed by the negligence or wrong of *another not in the same employ,* such injured employee ... *may take compensation under said articles and may also*

> *pursue a remedy against the other person to recover any damages* in excess of the compensation available under said articles. (Emphasis added).

**7.** "Third party" is defined as: *"someone other than the principal parties."* Black's Law Dictionary, 1518 (8th ed.2004) (emphasis added).

■ We assume when the General Assembly adopts legislation it is aware of judicial precedent relating to the subject matter under review. *State Eng'r v. Castle Meadows, Inc.*, 856 P.2d 496, 504 (Colo.1993). Here we conclude the General Assembly intended "another not in the same employ," in section 401(3), "stranger," and "third person" to be synonymous with "third party," as we held in *Chartier* and *Frohlick* and not the statutory definition of "employee."

Being excluded from the statutory definition of "employee" in section 8–40–202(2), which operates to exclude a person from WCA coverage, does not mean a person is necessarily a "third party." Section 8–40–202(2) explicitly recognizes that even though a person might be excluded from the definition of "employee," such an individual is still "perform[ing] services for pay for another." § 8–40–202(2)(a).[8] Within the WCA's category of individuals who perform services for pay for another are two sub-groups: individuals who are either "employees" or those excluded from the definition of "employee." *Id.* The focus of "another not in the same employ" is therefore on whether services are being directly performed for another, and not on whether one of the parties meets the statutory definition of "employee" or even the definition of "employer."

Accordingly, an injured plaintiff is entitled to sue a defendant who is not a direct party to the agreement for services for pay and is not subject to the statutory limitation on damages. *See Chartier*, 142 Colo. at 316, 350 P.2d at 1056. However, if the parties to the suit are the principle parties to the agreement, the limitation on damages applies. *See id.; cf. Kelly*, 890 P.2d at 1166 (applying the damage limitation to a rejecting officer). PPC and Pulsifer are the principal parties to the agreement between them for Pulsifer to do painting work, for pay, for PPC. Thus

Pulsifer is not excepted from the statutory limit of fifteen thousand dollars.

Pulsifer argues that because he is excluded from the statutory definition of "employee," PPC is "another not in the same employ," relying on our holding in *Frank M. Hall & Co. v. Newsom*. In *Hall*, we determined that the legislature intended to provide the employees of independent contractors with WCA coverage while excluding the independent contractor from the WCA. 125 P.3d 444, 451–52 (Colo.2005). Pulsifer alleges that, pursuant to *Hall*, an outcome allowing a general contractor to be treated as both a statutory employer under the WCA, but also protected by the statutory limits on damages, contradicts the General Assembly's intent because it violates the WCA's overall purpose of creating a trade-off between no-fault coverage and immunity from suit. We are not persuaded.

As we have already explained, the General Assembly specifically subjected persons "excluded from the definition of employee" to the statutory limitation on damages in the first sentence of this section of the statute. It would make little sense for the General Assembly to then except the same group from the damages limitation in the very same section of the statute, thus rendering their initial inclusion meaningless. *See Gallegos v. Colo. Ground Water Comm'n*, 147 P.3d 20, 28 (Colo.2006) (noting that when interpreting interrelated statutory sections, we give consistent and sensible effect to the statutory scheme as a whole).

Revisions subsequent to the original enactment of section 8–41–401(3) also do not indicate that "another not in the same employ" refers to the statutory definition of "employee" rather than a third party. As we have already noted, in 1993 the General Assembly eliminated the use of the label "independent

---

**8.** Section 8–40–202(2)(a) reads:

Notwithstanding any other provision of this section, *any individual who performs services for pay for another* shall be deemed to be an employee, irrespective of whether the common-law relationship of master and servant exists, unless such individual is free from control and direction in the performance of the service, both under the contract for performance of service and in fact and such individual

is customarily engaged in an independent trade, occupation, profession, or business related to the service performed. For purposes of this section, the degree of control exercised by the person for whom the service is performed over the performance of the service or over the individual performing the service shall not be considered if such control is exercised pursuant to the requirements of any state or federal statute or regulation. (Emphasis added).

contractor" and replaced it with section 8–40–202(2). 1993 Colo. Sess. Laws 355, 356. The new section 8–40–202(2) described an employee, rather than using a label, and provided a list of factors for courts to consider when determining whether a person is not an "employee." *Id.* At the same time, and in the same act, the General Assembly eliminated both "independent contractor" and a definition of that term, from section 8–41–401(3) and replaced them with the reference to section 8–40–202(2). *Id.* at 358. However, these changes did not alter the language of the "another not in the same employ" exception, or the purpose for imposing the caps on those specified groups.

■■■■ The workers' compensation scheme was intended, in part, to create predictable expenses for employers in light of the planning difficulties that accompany common law tort liability. *See Kelly,* 890 P.2d at 1163–65 (describing the legislative history of amendments to the WCA creating predictable liability expenses). The statutory limit permits employers to predict their costs when faced with a claim from an individual hired to perform a service who is not covered by the WCA. *Id.* Thus, Pulsifer is correct in noticing that PPC is free from having to pay for workers' compensation insurance premiums covering his injuries *and* that their common law liability is subject to a fifteen thousand dollar statutory limit. This is the intended effect of section 8–41–401(3). *Id.* The General Assembly has shifted the risk of work-related injuries costing more than fifteen thousand dollars to individuals who have the choice to participate in the workers' compensation system. *Id.*

Although this section of the WCA was intended to prevent an employer/general contractor from avoiding responsibility under the WCA by shifting the cost to subcontractors with employees, the subcontractors themselves were not thereby relieved of responsibility for their own acts. *Frohlick,* 182 Colo. at 38, 510 P.2d at 893. As was explained in *Kelly,* a subcontractor's responsibility extends to protecting themselves when the WCA does not protect them through a general contractor's policy. 890 P.2d at 1164.

Pulsifer argues that, if the statute were read to statutorily limit his damages, an employer could negligently injure a sole proprietor or independent contractor at a work-site but only have to pay fifteen thousand dollars for his negligent act. The damage caused could put a small business person completely out of business and cause them to lose everything. The General Assembly's response, harsh though it may seem to those subject to the statute's limits, is that, if a sole proprietor wants to avoid such consequences, they are responsible for insuring against those consequences themselves. *See Id.,* at 1164–65. Constrained by the language of the statute, we cannot, absent constitutional infirmities, alter the General Assembly's expressed intent to allow such outcomes to prevail.

Here, Pulsifer admits that he was hired to perform painting services for PPC. He also admits that he is excluded from the statutory definition of "employee." Therefore, Pulsifer is subject to the statutory limits without exception.

### III. Conclusion

We make the rule absolute and return this case to the trial court for further proceedings consistent with this opinion.