2012 COA 122

**Chris CAVALERI and Magdalena Cavaleri, Plaintiffs– Appellants,**

v.

**Aaron ANDERSON and Heidi Anderson, Defendants–Appellees.**

**No. 11CA1331.**

Colorado Court of Appeals, Div. III.

July 19, 2012.

The Frickey Law Firm, PC, Janet Frickey, Howard Flicker, Lakewood, Colorado, for Plaintiffs–Appellants.

Bayer & Carey, P.C., Teri L. Vasquez, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge ROY.

¶ 1 In this premises liability case, plaintiffs, Chris Cavaleri (contractor) and Magdalena Cavaleri (wife), appeal the trial court's judgment dismissing their personal injury claims against defendants, Aaron and Heidi Anderson (homeowners), with prejudice. We affirm.

## I. Background

¶ 2 The relevant facts of this case are undisputed. Contractor was the sole proprietor of a business and did not carry workers' compensation insurance on himself. He was hired by homeowners to do some tiling work in their home. As he walked down the front steps after completing the work, contractor leaned on a wooden railing which gave way, causing him to fall and sustain injuries. Contractor and wife brought this premises liability action against homeowners, seeking to recover economic and noneconomic damages.

¶ 3 Shortly before trial, the trial court asked the parties about the impact of section 8–41–401(3), C.R.S.2011, on contractor's claims. After hearing the parties' arguments, the trial court ruled that the $15,000 limitation on damages set forth in section 8–41–401(3) applied to contractor's claims. Homeowners immediately tendered the statutory limit, and the trial court dismissed the action with prejudice. This appeal followed.

## II. Analysis

¶ 4 On appeal, contractor argues that the trial court erroneously determined that the statutory damages cap set forth in section 8–41–401(3) applied to his claims because

homeowners were not required to obtain workers' compensation insurance covering contractor. Because no coverage was required, he argues that homeowners are not among the individuals protected by the statutory damages cap. We disagree.

## A. Standard of Review

¶ 5 We review a trial court's interpretation and application of a statute de novo. *Gallegos v. Colo. Ground Water Comm'n,* 147 P.3d 20, 28 (Colo.2006). In reviewing a statute, it is our duty to "effectuate the intent and purpose of the General Assembly." *CLPF– Parkridge One, L.P. v. Harwell Invs., Inc.,* 105 P.3d 658, 660 (Colo.2005). If the statutory provisions are clear and unambiguous, we discern the legislature's intent from the unambiguous text and apply the words' plain, ordinary meaning. *Id.*

## B. Statutory Interpretation

¶ 6 Section 8–41–401(3) provides as follows:

Notwithstanding any provision of this section or section 8–41–402 to the contrary, any individual who is excluded from the definition of employee pursuant to section 8–40–202(2), or a working general partner or sole proprietor who is not covered under a policy of workers' compensation insurance ... shall not have any cause of action of any kind under articles 40 to 47 of this title. Nothing in this section shall be construed to restrict the right of any such individual to elect to proceed against a third party in accordance with the provisions of section 8–41–203. The total amount of damages recoverable pursuant to any cause of action resulting from a work-related injury brought by such individual that would otherwise have been compensable under articles 40 to 47 of this title shall not exceed fifteen thousand dollars, except in any cause of action brought against another not in the same employ.

¶ 7 "The purpose of section 8–41–401(3) is to encourage participation in the workers' compensation system and limit the exposure of those contractors who obtain coverage from lawsuits or claims brought by uncovered independent contractors who are injured on the job." *Snook v. Joyce Homes, Inc.,* 215 P.3d 1210, 1215 (Colo.App.2009).

The limitation was premised on the belief that when an individual "chooses to opt out of [workers' compensation, he or she] can't have the best of both worlds." That is, an individual rejecting coverage to save money on the premiums cannot then come back and sue the employer under the common law for work related injuries. The bill proponents explained "[w]e provided a no-fault insurance plan for you [employers], and we really want you to take advantage of it." The cap on tort recovery was intended so that "businesses would know what their liability will be, and can plan for that in any business decision."

*Kelly v. Mile Hi Single Ply, Inc.,* 890 P.2d 1161, 1164–65 (Colo.1995) (citations and footnote omitted) (quoting Hearings on H.B. 1215 before the S. Comm. on Business Affairs & Labor (comments of Mary Ann Tebedo, bill sponsor)).

¶ 8 Although the principles articulated in *Kelly* and *Snook* apply here, the factual situation before us is somewhat different from that presented in those cases. Unlike the defendants in *Kelly* and *Snook,* homeowners here are not general contractors. Under the express provisions of the Workers' Compensation Act (Act), homeowners are excluded from the reach of the Act and are not required to purchase workers' compensation insurance covering persons they hire or contract with to work on their residence. Section 8–40–302(4), C.R.S.2011, provides, in pertinent part:

Articles 40 to 47 of this title are not intended to apply to employers of persons who do ... repair, remodeling ... or similar work about the private home of the employer if such employers have no other employees subject to said articles 40 to 47 and if such employments are not within the course of the trade, business, or profession of said employers. This exemption shall not apply to such employers if the persons who perform the work are regularly employed by such employers on a full-time basis.

¶ 9 Section 8–41–402(1), C.R.S.2011, also provides, in pertinent part:

Articles 40 to 47 of this title shall not apply to the owner or occupant, or both, of residential real property which meets the definition of a "qualified residence" under section 163(h)(4)(A) of the federal "Internal Revenue Code of 1986," [26 U.S.C. § 163(h)(4)(A) ] as amended, who contracts out any work done to the property, unless the person performing the work is otherwise an employee of the owner or occupant, or both, of the property.

¶ 10 The parties agree that, under these provisions, homeowners were not required to carry workers' compensation insurance covering contractor or any other worker performing occasional maintenance or repair at their home.

¶ 11 However, contractor maintains that, because these provisions exempt homeowners from the Act's coverage mandates, contractor could not elect or obtain workers' compensation coverage through them. Contractor argues that he "did not have the option to elect his own coverage," ostensibly because homeowners "did not elect to accept the provisions of the Act by purchasing and keeping in force workers' compensation insurance coverage." Consequently, contractor claims he "was not otherwise entitled to workers' compensation benefits." However, contractor offers no authority supporting the basic premise that he was unable to obtain, or barred from obtaining, workers' compensation insurance for himself.

¶ 12 Contractor's argument disregards the express inclusion of "sole proprietor[s] who [are] not covered under a policy of workers' compensation insurance" among the enumerated individuals who may bring a cause of action against a negligent third party, but whose damages will be limited to $15,000 if they elect to forgo workers' compensation insurance. § 8–41–401(3); *see also* § 8–41–203(1)(a), C.R.S.2011. Clearly, under the express terms of section 8–41–401(3), the legislature intended to limit sole proprietors' damages if they failed to obtain workers' compensation insurance coverage.

¶ 13 Indeed, as described in *Pulsifer v. Pueblo Professional Contractors, Inc.*, 161 P.3d 656 (Colo.2007), sole proprietors are included in the groups of individuals listed in section 8–41–401(3) "who could have obtained coverage but did not because they either did not elect to cover themselves ... or chose to opt out." *Id.* at 659. As *Pulsifer* points out, section 8–40–302(5), C.R.S.2011, permits a sole proprietor "to voluntarily elect [Workers' Compensation Act] coverage." *Id.* That section provides that "any ... sole proprietor actively engaged in the business may elect to be included by endorsement as an employee of the insured and shall be entitled to elect coverage regardless of whether such ... sole proprietor employs any other person under any contract of hire." § 8–40–302(5)(b), C.R.S.2011. Thus, the Act expressly provides that sole proprietors may obtain workers' compensation insurance coverage for themselves, although they are not required to do so.

¶ 14 If a sole proprietor forgoes coverage and sustains a work-related injury, he or she risks being limited in the amount of recoverable damages in a third-party action. Because the damages for an uncovered work-related injury "could put a small business person completely out of business and cause [him or her] to lose everything," the legislature determined that a limitation on damages was appropriate in such circumstances. *Pulsifer*, 161 P.3d at 663. "[H]arsh though it may seem to those subject to the statute's limits, ... if ... sole proprietor[s] want[ ] to avoid such consequences, they are responsible for insuring against those consequences themselves." *Id.*

¶ 15 Despite contractor's assertions that *Pulsifer* is factually distinguishable, we conclude that the asserted distinction does not dictate a different result. In *Pulsifer*, an uninsured sole proprietor was injured at a construction site while providing painting services as a subcontractor to a general contractor. *Id.* at 658. The parties agreed that the painter "was not eligible for workers' compensation coverage under [the general contractor's] policy" and was therefore "permitted to file a common law action for negligence against [the general contractor]." *Id.* But, applying section 8–41–401(3), the supreme court ruled that the painter's damages were limited to $15,000 under that statute because he had failed to obtain workers' com-

pensation insurance to cover himself. *Id.* at 663.

¶ 16 Contractor insists that *Pulsifer* is distinguishable because homeowners here are not general contractors and do not employ numerous individuals. We agree with the trial court, however, that this distinction is inconsequential. Like the general contractor in *Pulsifer*, homeowners were a party to an agreement with contractor and, consequently, did not fall within the statutory exemption applicable to those "not in the same employ" with the injured party. *See* § 8–41–401(3); *Pulsifer*, 161 P.3d at 662 (holding that "another not in the same employ" refers to those individuals who are "not a direct party to the agreement for services for pay," and that the damage limitation applies to those who are "the principal parties to the agreement"). The critical factor, then, is not the status of the purported employer, but the sole proprietor's eligibility for, and election to forgo, workers' compensation insurance coverage.

¶ 17 Having concluded that contractor was eligible to obtain his own workers' compensation insurance, and that his failure to do so triggered the statutory damages cap, we hold that the trial court did not err in ruling section 8–41–401(3) bars contractor from recovering more than $15,000 in damages from homeowners.

### III. Loss of Consortium Claim

¶ 18 Contractor and wife also contend that the loss of consortium claim asserted by wife was improperly dismissed by the trial court. They maintain that the loss of consortium claim was separate and should not have been subject to the damages cap.

¶ 19 However, plaintiffs did not raise this argument during the hearing regarding the impact of section 8–41–401(3) on their claims, nor did they file any motions presenting this argument to the trial court. Therefore, we concur with homeowners that contractor and wife failed to preserve this argument for appellate review. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 (Colo.1992) (arguments never presented to, considered by, or ruled upon by a trial court may not be raised for the first time on appeal). Accordingly, we decline to address whether the trial court erred by failing to consider the loss of consortium claim separately.

### IV. Conclusion

¶ 20 Because contractor was statutorily limited to $15,000 in damages, and because it is undisputed that homeowners tendered this full amount to plaintiffs at the conclusion of the hearing, we conclude that the trial court committed no error when it dismissed plaintiffs' claims with prejudice.

¶ 21 The judgment is affirmed.

Judge DAILEY and Judge RICHMAN concur.