2014 COA 3

**D. Thomas FARMER, Plaintiff–Appellant,**

**v.**

**Rick RAEMISCH, in his official capacity as Executive Director of the Colorado Department of Corrections; and Travis Trani, Defendants–Appellees.**

**Court of Appeals No. 12CA2267**

Colorado Court of Appeals, Div. VII.

Announced January 2, 2014

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2013.

D. Thomas Farmer, Pro Se.

No Appearance for Defendants–Appellees.

Opinion by JUDGE J. JONES

¶1 Plaintiff, D. Thomas Farmer, a state inmate, appeals the district court's order and judgment dismissing his civil complaint for failure to pay a filing fee. We affirm.

## I. Background

¶2 Mr. Farmer's complaint alleged (repeatedly, invoking a variety of legal theories) that on a particular date unnamed prison employees had used excessive force against him, causing him various physical and psychological injuries, for which he sought damages. He did not describe the physical force or the circumstances surrounding the incident. He named Tom Clements, the former Executive Director of the Colorado Department of Corrections, and Travis Trani, the prison warden, as defendants.[1]

¶3 Mr. Farmer's complaint included a request that he be allowed to proceed in forma pauperis, and, therefore, as relevant here, without prepayment of the filing fee applicable to civil cases. (He did not, however, complete the appropriate paperwork to show that he qualified for in forma pauperis sta-

tus.) The district court issued an order denying Mr. Farmer's request to be allowed to proceed without prepaying the filing fee. The court determined that on three prior occasions, civil complaints filed by Mr. Farmer had been dismissed as frivolous, groundless, or malicious, or for failure to state a claim upon which relief could be granted, or because they sought monetary relief from persons immune from such liability; therefore, pursuant to section 13–17.5–102.7, C.R.S.2013, Mr. Farmer was ineligible to proceed without prepayment of the civil case filing fee. The court ordered Mr. Farmer to pay the filing fee within twenty days lest his complaint be dismissed.

¶4 Mr. Farmer filed a motion for reconsideration. Therein he asserted the following three arguments: (1) previous dismissals for failure to exhaust administrative remedies did not qualify as dismissals for purposes of section 13–17.5–102.7; (2) the prior dismissals should not be counted against him because he had not been allowed to amend the dismissed complaints; and (3) applying section 13–17.5–102.7 in this case would deny him his right to access to the courts as guaranteed by the United States Constitution. The district court denied Mr. Farmer's motion and, because Mr. Farmer had not paid the filing fee, dismissed the complaint.

## II. Discussion

### A. Unpreserved Contentions

¶5 Mr. Farmer presents several contentions on appeal that he did not raise in the district court. These include, as best we can tell, arguments that section 13–17.5–102.7 denies him his right to free speech, due process, and equal protection of the laws, as well as arguments that, though captioned as separate contentions, actually relate to the unpreserved constitutional challenges. Because he did not raise any of these arguments in the district court, we will not consider them. *See Estate of Stevenson v. Hollywood Bar & Café, Inc.*, 832 P.2d 718, 721 n. 5 (Colo.1992) ("Arguments never presented to, considered or ruled upon by a trial court may not be

---

1. Pursuant to C.A.R. 43(c)(1), we have substituted Rick Raemisch, the current Executive Director of the Colorado Department of Corrections, for Mr. Clements.

raised for the first time on appeal."); *Cavaleri v. Anderson,* 2012 COA 122, ¶ 19, 298 P.3d 237 (same).

¶ 6 Nor will we address Mr. Farmer's new and undeveloped contention that section 13–17.5–102.7 violates unspecified rights guaranteed by the Colorado Constitution. *See Giuliani v. Jefferson Cnty. Bd. of Cnty. Comm'rs,* 2012 COA 190, ¶ 52, 303 P.3d 131 (appellate court will not consider an argument based on the Colorado Constitution that was not raised in the district court); *Barnett v. Elite Props. of Am., Inc.,* 252 P.3d 14, 19 (Colo.App.2010) ("We will not consider a bald legal proposition presented without argument or development.").

## B. Preserved Contentions

¶ 7 Mr. Farmer's opening brief appears to reassert the same three contentions he raised in the district court. We address the access to courts contention first, reject it, and then address and reject Mr. Farmer's challenges regarding the prior dismissals.

### 1. Section 13–17.5–102.7 Does Not Violate Mr. Farmer's Right to Access to the Courts

■ ¶ 8 In 1998, the General Assembly adopted section 13–17.5–102.7, in furtherance of its effort to limit substantially frivolous, groundless, or vexatious inmate lawsuits. *See* § 13–17.5–101(1), C.R.S.2013. As relevant here, subsection (1) of section 13–17.5–102.7 provides:

> (1) No inmate who on three or more occasions has brought a civil action based upon prison conditions that has been dismissed on the grounds that it was frivolous, groundless, or malicious or failed to state a claim upon which relief may be granted or sought monetary relief from a defendant who is immune from such relief, shall be

permitted to proceed as a poor person in a civil action based upon prison conditions under any statute or constitutional provision.

¶ 9 Subsection (2) provides an exception to the filing fee requirement, notwithstanding the application of subsection (1), where the inmate alleges facts demonstrating that he is in imminent danger of serious physical injury. (Mr. Farmer's complaint does not claim any such danger.)

¶ 10 Section 13–17.5–102.7 largely parallels 28 U.S.C. § 1915(g), adopted in 1996. The only significant difference is that the Colorado statute also counts a dismissal for seeking monetary relief from a person immune from such relief as a "strike" for purposes of the three prior dismissals requirement.

¶ 11 Neither the Colorado Supreme Court nor this court has decided whether section 13–17.5–102.7 violates an inmate's right to access to the courts as guaranteed by the United States Constitution.[2] But several federal courts have addressed whether section 13–17.5–102.7's federal counterpart, 28 U.S.C. § 1915(g), violates the right of access to the courts. They have held that it does not. *Rodriguez v. Cook,* 169 F.3d 1176, 1179–80 (9th Cir.1999); *White v. Colorado,* 157 F.3d 1226, 1233–34 (10th Cir.1998); *Rivera v. Allin,* 144 F.3d 719, 723–24 (11th Cir. 1998); *Carson v. Johnson,* 112 F.3d 818, 821 (5th Cir.1997). Because section 13–17.5–102.7 closely parallels section 1915(g), and appears to be patterned after the federal law, we may look to these federal court decisions for guidance. *See Flood v. Mercantile Adjustment Bureau, LLC,* 176 P.3d 769, 772 (Colo.2008); *Schwartz v. Owens,* 134 P.3d 455, 459 (Colo.App.2005) (applying this principle to an examination of a related filing fee statute, section 13–17.5–103, C.R.S.2013).

¶ 12 The federal courts reason as follows:

---

**2.** The United States Supreme Court has held that there is a right under the United States Constitution to access to the courts, but has not always been clear about the source of that right. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). It appears most often understood to arise from the First Amendment's guarantee of the right to petition the government for redress of grievances. *See White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir.1998); *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir.1998); *see also Bill Johnson's Rests., Inc. v. NLRB,* 461 U.S. 731, 741, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983) (citing *Cal. Motor Transp. Co. v. Trucking Unlimited,* 404 U.S. 508, 510, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972), for the proposition that the right is an aspect of the right to petition).

- Proceeding in forma pauperis in a civil case is a privilege, not a right, fundamental or otherwise.[3]

- The "three-strike rule" does not prohibit an inmate from filing suit; it merely prohibits an inmate from doing so without paying the filing fee which all civil plaintiffs must pay.

- The right of access to the courts does not guarantee anyone a right of access in all circumstances.

- Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to them; thus, imposition of a modest filing fee on prisoners is reasonable.

*See Rodriguez*, 169 F.3d at 1180; *White*, 157 F.3d at 1233; *Rivera*, 144 F.3d at 723–24; *Carson*, 112 F.3d at 821; *see also United States v. Kras*, 409 U.S. 434, 450, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) ("The Court [has] stopped short of an unlimited rule that an indigent at all times and in all cases has the right to relief without the payment of fees.").

¶ 13 A few state courts have also addressed other states' versions of section 13–17.5–102.7, uniformly holding that such a statute does not violate an inmate's right of access to the courts. *E.g., Mehdipour v. State*, 90 P.3d 546, 548–53 (Okla.2004) (deciding the issue under both the United States and Oklahoma Constitutions); *State ex rel. Khan v. Sullivan*, 235 Wis.2d 260, 613 N.W.2d 203, 207–08 (Wis.Ct.App.2000) (deciding the issue under both the United States and Wisconsin Constitutions). These courts essentially adopt the reasoning of the federal courts addressing section 1915(g). *Mehdipour*, 90 P.3d at 552–53; *Khan*, 613 N.W.2d at 207–08 & n. 6.

¶ 14 We also agree with the reasoning of the federal courts addressing section 1915(g).

That reasoning applies with equal force to section 13–17.5–102.7. Accordingly, we hold that section 13–17.5–102.7 does not violate an inmate's right to access to the courts as guaranteed by the United States Constitution.

2. Each of the Prior Dismissals Qualifies as a Dismissal for Purposes of Section 13–17.5–102.7

■ ¶ 15 The district court based its dismissal of this case on the following three prior dismissals:

1. Case No. 12 S 7, Fremont County Court. Mr. Farmer claimed three prison officers had banned him from "cosmetic stylization and augmentation" of his eyebrows. The court dismissed the complaint for failure to exhaust administrative remedies, failure to state a claim upon which relief could be granted, and seeking monetary relief from persons immune from such relief. The court further determined that the claim was frivolous.

2. Case No. 12 S 21, Fremont County Court. Mr. Farmer claimed that prison employees unlawfully seized two legal textbooks of his. The court dismissed the complaint for failure to exhaust administrative remedies, failure to state a claim upon which relief could be granted, and seeking monetary relief from persons immune from such relief.

3. Case No. 12CV35, Fremont County District Court. Mr. Farmer claimed that he was entitled to reasonable access to and use of a typewriter while in administrative segregation. The court dismissed the complaint for failure to exhaust administrative remedies and failure to state a claim upon which relief could be granted.

---

3. The Supreme Court has held that a filing fee must be waived where the claimant has a "fundamental interest at stake." *M.L.B. v. S.L.J.*, 519 U.S. 102, 113, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996) (filing fee must be waived for indigent parent contesting termination of parental rights); *see also Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (court fees and costs must be waived for indigent party seeking a divorce); *but see Ortwein v. Schwab*, 410 U.S.

656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973) (per curiam) (welfare recipient challenging denial of benefits may be required to pay a filing fee); *Kras*, 409 U.S. 434, 93 S.Ct. 631 (party desiring to file a petition in bankruptcy may be required to pay a filing fee). Mr. Farmer does not argue that his complaint seeks vindication of a fundamental interest, so we need not address whether it adequately pleads such an interest. *See White*, 157 F.3d at 1233–34.

¶ 16 Mr. Farmer contends that these dismissals do not qualify as dismissals under section 13–17.5–102.7. He reasons as follows:

- A dismissal for failure to exhaust administrative remedies is a dismissal based on lack of subject matter jurisdiction.
- Because such a dismissal is one based on lack of jurisdiction, any other reasons for dismissal given by the dismissing courts are nullities.
- A dismissal for failure to exhaust administrative remedies does not fall within any category of dismissal identified in section 13–17.5–102.7.

¶ 17 We reject Mr. Farmer's reasoning. We need not decide whether dismissal for failure to exhaust administrative remedies qualifies as a dismissal for purposes of section 13–17.5–102.7. Mr. Farmer cites no authority for the proposition that such a dismissal renders any other reason for dismissal a nullity, and we are not aware of any. A complaint may be legally insufficient for any number of reasons, and we perceive no reason why dismissal of a complaint cannot be based on multiple defects. *See* § 13–17.5–102.3(2), C.R.S.2013 (providing that a court may dismiss an inmate's claim without first requiring exhaustion of administrative remedies if it determines the claim should be dismissed because it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant).

¶ 18 Because each of the complaints identified above was dismissed for at least one reason expressly identified by section 13–17.5–102.7, we conclude that each dismissal qualifies as a dismissal under section 13–17.5–102.7. A contrary conclusion would undermine the General Assembly's goal of deterring frivolous and meritless prisoner lawsuits. *Cf. Pointer v. Wilkinson*, 502 F.3d 369, 372–76 (6th Cir.2007) (complaint dismissed in part for failure to exhaust administrative remedies and in part for failure to

state a claim qualifies as a previous dismissal for purposes of section 1915(g)); *Clemons v. Young*, 240 F.Supp.2d 639, 641–42 (E.D.Mich.2003) (same).[4]

### 3. An Inmate May Not Collaterally Attack Previous Dismissals to Avoid Application of Section 13–17.5–102.7

 ¶ 19 Complaining that he was not allowed to amend his complaints in the previously dismissed cases, Mr. Farmer contends that he must be allowed to collaterally attack the validity of those dismissals before they can be counted under section 13–17.5–102.7.[5] He cites no authority for this proposition. We agree with the district court that the avenue for challenging those dismissals was direct appeal. Allowing collateral attacks in this proceeding would greatly expand the litigation, in direct contravention of the General Assembly's stated goal to reduce prisoner litigation. *Cf. Brown v. Tigner*, 2013 WL 395651, *1 (W.D. La. Civ. Action No. 12–2853, Jan. 31, 2013) (unpublished order) (prisoner could not collaterally attack previous dismissals to avoid application of section 1915(g)).

¶ 20 The order and judgment are affirmed.

JUDGE FOX and JUDGE NAVARRO concur.

---

4. Apparently, the federal courts are divided as to whether dismissal for failure to exhaust administrative remedies qualifies as a dismissal for purposes of section 1915(g). *See Pointer*, 502 F.3d at 374 & n.5; *Rivera*, 144 F.3d at 731 (holding that such a dismissal is "the equivalent of a dismissal for failure to state a claim," and therefore such a dismissal qualifies).

5. None of the orders dismissing the prior cases purported to preclude Mr. Farmer from filing an amended complaint.